PEOPLE ex rel. GLENNON v. MARTIN et al., Commissioners of Board of Police.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

POLICEMEN—CERTIORARI TO REVIEW—DISCHARGE.

On certiorari the general term has jurisdiction to review the decision of the board of police commissioners in denying an adjournment of the trial of a policeman; and, if it be found that such denial involved an abuse of discretion, the order of the board upon such trial, dismissing the policeman from the force, will be reversed, and the policeman reinstated.

(Syllabus by the Court.)

Certiorari by Edward Glennon to review the decision of James J. Martin and others, as commissioners of the board of police of New York City, in dismissing relator from the police force. On the opening of the trial before the board of police commissioners, the application of relator for an adjournment on the ground of the absence of a material and necessary witness was denied. The adjournment asked for was "for such time as the commissioners think fit and proper."

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Friend & House, for relator.

Francis L. Wellman, for respondents.

PRYOR, J. The learned counsel for respondents insists that we have no jurisdiction to review the decision of the board of police commissioners in denying the relator's motion for an adjournment, but the authority he cites in support of the contention (People v. Board, 84 Hun, 64, 32 N. Y. Supp. 18) distinctly recognizes the right of revision in case the refusal of the adjournment involved an abuse of discretion. People v. Thompson, 94 N. Y. 452. We have held in People ex rel. Devery v. Martin (herewith decided) 33 N. Y. Supp. 1000, that the denial of the adjournment in that proceeding was an abuse of discretion; and, since the motion on the part of the present relator was supported by the same proof of inability to secure the attendance of Devery, its denial was necessarily an equal abuse of discretion. Nay, upon the application by this relator it was patent to the commissioners that with all their power, and after every exertion, they found it impracticable to compel Devery's attendance. Sick or well, by concession, Devery's presence at Glennon's trial was an impossibility. Counsel for respondents affirms that "it is self-evident, from the whole record, that it was with the full knowledge, consent, and privity of Officer Glennon, his intimate friend and wardman, and coworker in wrongdoing," that Devery did not attend the trial. We have to express regret that counsel did not cite to us any folio or page of the record where the evidence of such collusion might be found, for the omission has imposed upon us the ineffectual labor of exploring for the alleged proof. We discover none such in the volume before us. On the contrary, the uncontroverted fact is that relator called, over and over again, at Devery's house for conference in reference to their case, and was

refused access to Devery on account of his illness. Undoubtedly, if we assume the guilt of Glennon and Devery, and that they were "coworkers in wrongdoing," the inference of their collusion in the absence of Devery is obvious enough. But we had supposed that, even on the trial of a policeman, he is entitled to the presumption of innocence; and the mere fact that, in the prosecution of Glennon and Devery, they are jointly accused, is no proof that they are conspirators in crime.

The question is, did the relator present a case to the board which, in the exercise of a sound discretion, should have given him an adjournment of the trial? (1) Glennon and Devery were charged as accomplices in the same offenses; and, of necessity, Devery knew whether Glennon committed them. The relator made due affidavit that Devery was "a material and necessary witness for relator"; that his presence at the trial "was indispensable to relator's defense," as he "had been advised by counsel, and verily believed"; and that Devery "would testify under oath to all material charges and specifications, and deny each and every of them." (2) By affidavit, the relator showed diligent but fruitless effort, by an attempted service of subpoena, to secure the attendance of Devery. (3) By affidavit it appears that Devery's presence at the trial of relator could be insured by an adjournment until Devery's recovery. (4) The relator makes affidavit of his innocence.

To entitle relator to an adjournment, the law required nothing more. Brooklyn Oil Works v. Brown, 7 Abb. Pr. (N. S.) 382. And the denial of the application is reversible error. Bank v. Colwell (Sup.) 8 N. Y. Supp. 380, 382; Gallaudet v. Steinmetz, 6 Abb. N. C. 224. If, in a civil action, attended by no penal consequence, an erroneous refusal to adjourn a trial be fatal to a judgment, much more should such wrongful refusal vitiate a proceeding essentially of the nature and effect of a criminal prosecution.

The respondents suggest that, as counsel for the relator remained and took part in the proceeding, he is precluded now from objecting to a denial of the adjournment. We do not collect from the record that counsel participated in the trial, but, if he did, he may yet challenge the refusal of the adjournment. 2 Rumsey, Prac. 220.

The offer of the prosecuting attorney to admit that Devery would swear as claimed by the relator was ineffectual to supersede the right of relator to the presence of the witness. Bank v. Michel, 1 Sandf. 687. Nor was the offer to take the testimony at Devery's house of any avail, in face of the fact, known to counsel and the board, that Devery was inaccessible, on account of illness. Indeed, the various proposals by the prosecuting attorney of expedients to obtain Devery's evidence are obviously of no significance; seeing that they were impracticable, and that the relator, with his counsel, though personally present, under the menace of the board, had retired from the trial.

The respondents now contend that "the evidence, as disclosed" on the trial of relator, demonstrates that Devery could not have been a material witness for relator. Such disclosure, if in fact apparent, was made after the denial of the adjournment, and might not have

occurred, had the relator been allowed an opportunity to produce Devery. The proposition that on the ex parte trial the charges against the relator were so clearly established that no fullness of defense could have saved him has been already answered in the Devery Case.

Upon the whole, we are of the opinion that the relator should have been vouchsafed an opportunity to produce the witness in his behalf, and that it was an abuse of discretion to refuse him the privilege. It may be essential to the discipline of the service that the commissioners should have an arbitrary power of dismissal from the police; but, while the law remains as it is, we are bound to see that no member of the force be removed in violation of the safeguards of fair and just procedure. The order of the board is reversed, and the relator reinstated, with costs. All concur.