(9 App. Div. 428.)

PEOPLE ex rel. BRADY v. O'BRIEN et al.

(Supreme Court, Appellate Division, First Department. October 23, 1896.)

1. OFFICERS—PROTECTION OF VETERANS—NOTICE OF PRIVILEGE.
    Knowledge of a municipal board that a person dismissed by it from office was entitled to the protection of the veteran act (Laws 1892, c. 577), is conclusively shown by a recital in the dismissal that he had "been duly cited, in accordance with the provision of" said act.

2. SAME—CONFIDENTIAL RELATIONS.
    An appointee under a city government does not hold "a confidential relation to the appointing officer," so as to except him from the protection of the veteran act (Laws 1892, c. 577), merely because he is intrusted with the collection of money.

Certiorari by Thomas Brady to review the action of Edward C. O'Brien and others, as dock commissioners of the city of New York, in dismissing the relator from the position of dock master. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Fred'k B. House and Emanuel M. Friend, for relator.
Theo. Connoly and Terence Farley, for respondents.

WILLIAMS, J. The relator was in fact a veteran sailor, and was entitled to protection under the "Veteran Act," so called, the latest amendment to which is chapter 577, Laws 1892. Various questions are raised in behalf of the respondents upon this hearing as to the relator's right to such protection. It is said that it does not appear that the fact that the relator was a veteran sailor was brought to the attention of the respondents before the dismissal. This claim is met and disposed of by the language used in the dismissal itself:

"Whereas, Thomas Brady, dock master, having been duly cited, in accordance with the provision of chapter 577 of the Laws of 1892, to appear before the board this day, and show cause why he should not be removed for inefficiency and neglect of duty," etc. Certainly, if the respondents cited the relator to the hearing in pursuance of the veteran act, we may assume they knew he was a veteran, and regarded him as entitled to protection under the act, to a hearing and cause shown, before he could be dismissed. It is said that it does not appear that the relator was holding the position of dock master by appointment, or was receiving a salary from the city and county of New York, or that he was appointed for an indefinite time. No such questions were suggested at the hearing or before the dismissal, and it is rather late to argue them now. We may assume these facts suggested did exist, and, if any objection had been raised to a hearing based upon such suggestions, the relator would have supplied the necessary proofs. The respondents were well aware of the manner in which the relator came into the position, for what time his appointment was made, and how his services were compensated, whether by salary or otherwise. They assumed he was within the terms of the statute, and, pursuant to its provisions, cited him to a hearing, and a hearing was had, resulting in his dismissal. The respondents must, therefore, be held concluded from raising these questions upon this hearing.

And finally it is said that the relator was not within the provisions of the statute, nor entitled to its protection, because he was a person holding a confidential relation to the respondents, who appointed him. The return states that he held a confidential relation to the respondents in that in his capacity as dock master he was intrusted with the collection of various sums of money. This suggestion appears to have been an afterthought with the respondents. If, at the time of the citation, hearing, and dismissal, they had regarded their relations with the relator as confidential, within the provisions of the statute, they would not have taken the trouble to cite him, and give him a hearing, in pursuance of the statute, before they dismissed him. The return does not state in general, unqualified terms that the relations between the parties were confidential, but specifies to what extent the confidence existed. The facts are thus stated from which the conclusion that the relations were confidential cannot properly be drawn. We are not, therefore, concluded by the language of the return from holding, as we must do, that the relation of the relator to the respondents was not a confidential one within the intent of the statute. The mere fact that in his capacity as dock master the relator was intrusted with the collection of various sums of money did not constitute the relation of confidence intended by the legislature in the passage of this statute. The term evidently referred to intimate personal relations between the parties, and not to a mere fiduciary relation created solely by the relator's being intrusted, by virtue of his position, with the collection of moneys. We conclude, therefore, that the relator was within the provision of the veteran act, and entitled to the protection provided thereby. He was entitled to a hearing,

and to have cause shown upon such hearing, before he could be legally dismissed from office. He did not have such a hearing as he was entitled to under the statute. He was denied the right to the assistance of legal counsel, to which he was concededly entitled. The respondents' counsel did not deny, but on the argument admitted, that the relator was entitled to the aid of counsel; and, if he was entitled to the protection of the veteran act, it was error to refuse him this right. This was an error for which the determination of the respondents must be annulled. It may be said further, without a full discussion of the question, that the proofs given on the hearing entirely failed to establish the charge of inefficiency and neglect of duty for which the relator was dismissed. No cause for his dismissal was shown upon the hearing, and for this reason the dismissal was improper, and should be annulled. There was no claim made on the hearing that he had misappropriated any money. The transaction as to the check received by the relator was at most a formal error, not involving intentional wrong, and grew out of the form in which the check was drawn, which was not usual, but an exceptional case, and was no cause for the dismissal of the relator.

Our conclusion is that the determination of the respondents should be annulled, and the relator restored to the position from which he was dismissed, with costs. All concur.