(64 App. Div. 209.)

PEOPLE ex rel. ELLETT v. FLOOD et al., Fire Commissioners.

(Supreme Court, Appellate Division, Third Department. September 4, 1901.)

1. MUNICIPAL CORPORATIONS—FIRE DEPARTMENT—ENGINEERS—SUSPENSION — BOARD OF COMMISSIONERS—REVIEW—CERTIORARI.

　　Laws 1894, c. 615, § 164, provides that each fireman and the chief and assistant engineers shall hold office during good behavior, or until the board of fire commissioners shall decide that he is incompetent, and for such reason cause his removal. Section 165 provides that, on charges being preferred, any one of the board may suspend any member of the department from service until the board shall convene, and take action in the matter; such member, however, not to remain suspended for a longer period than 30 days without an opportunity of being heard in his own defense, and on hearing the proofs a majority of the board may

discharge or restore such member, in accordance with their decision. *Held*, that the proceedings of the board contemplated by the statute were judicial in nature, and hence could be reviewed by certiorari.

**2. SAME—HEARING—COUNSEL.**

Under such statute, an assistant engineer of the department is entitled to be represented by counsel on a hearing as to his official misconduct before the board of commissioners.

Certiorari by the people, on the relation of Will Y. Ellett, against Frank H. Flood and others, as fire commissioners of the city of Elmira, to review certain proceedings of defendants. Reversed.

The relator was a member of the fire department of the city of Elmira, and one of the assistant engineers thereof. He was also superintendent of the fire alarm telegraph. The respondents were the fire commissioners of such department. Charges of misconduct were preferred against the relator by Commissioner Cotton, one of which, among several others, was that he was intoxicated while on duty upon the 11th of February, 1901. Such charges were, upon notice to him, brought to a hearing before the fire commissioners, and by the vote of two of them, viz. Cotton and La France, he was found guilty of being intoxicated, as charged, and was reduced from his said offices of assistant engineer and superintendent to the position of hoseman in such department. At the commencement of the hearing, the relator claimed the right to be represented by counsel, and asked that Mr. Stanchfield be permitted to appear and act for him as such during the trial. This claim was rejected by the commissioners. The relator was required to proceed to trial without counsel, and Mr. Stanchfield was required to leave the room. The case now comes into this court upon a writ of certiorari to review the proceedings of the commissioners upon such hearing, and several grounds of error are assigned for which a reversal of their decision is asked.

Argued before PARKER, P. J., and SMITH, KELLOGG, EDWARDS, and CHASE, JJ.

Frederick Collin, for relator.

Thomas F. Fennell, for respondents.

PARKER, P. J. By the charter of the city of Elmira (chapter 615, Laws 1894) the board of fire commissioners appoints the firemen of the fire department of the city, also the chief engineer and such assistant engineers as it deems necessary. Such appointments, however, require the unanimous action of the board. Section 164. Such section further provides that each fireman and the chief and assistant engineers may hold his office during good behavior; or until the board shall decide that he is incompetent or inefficient, and for such reason causes his removal. Such decision also requires the unanimous vote of the board. The section further provides that "in case of misconduct on the part of such chief engineer or fireman, then he may be removed by the decision of a majority of the said board, as hereinafter provided." Section 165, in substance, provides that, upon charges being preferred, any one of the board of fire commissioners or the chief engineer may suspend any member of the department from service until the board shall convene and take action in the matter: provided, however, that such member shall not remain so suspended for a longer period than 30 days without an opportunity of being heard in his own defense; and, upon hearing the proofs in the case, a majority of such commissioners may discharge or restore such member, in accordance with the

decision of the majority of such board thereon. Under this statute, the relator was evidently entitled to hold his office of assistant engineer unless removed for incapacity by the unanimous vote of the board of commissioners, or until a majority of such board had determined that he was guilty of the misconduct charged, after notice to him, and after hearing the proofs offered both for and against him. By such statute, he could be removed for misconduct only after he was given an opportunity of making his defense. Clearly, the proceeding contemplated by that statute was one judicial in its character. The commissioners had no arbitrary power of removal. They must determine upon the proofs whether or not the misconduct charged had been committed, and thus their action became judicial in its nature, and could be reviewed by a writ of certiorari. People ex rel. Kennedy v. Brady, 166 N. Y. 47, 59 N. E. 701. In the Nichols Case, 79 N. Y. 582, it was held that, under a statute which authorized the mayor of New York City to remove a police commissioner "for cause and after opportunity to be heard," the proceeding so given was a judicial one, and therefore subject to review by certiorari; and clearly, if under such a phrase it be considered that the statute secured to the relator in that case a hearing judicial in its nature, it cannot be doubted that the phraseology of the statute under which these respondents acted secured to the relator in this case a similar hearing. It was also held in that case that the relator was entitled, not only to such a hearing, but that he was entitled to defend by counsel. In People v. Keeler, 99 N. Y. 485, 2 N. E. 615, 52 Am. Rep. 49, it is said that the provision of the state constitution (Const. 1846, art. 1, § 6) securing to the accused in any trial in any court whatever the right to appear and defend in person and with counsel, as in civil actions, has been held to apply to proceedings similar to this one; and the Nichols Case was cited and approved as authority for that proposition. See, also, People v. Hannan, 56 Hun, 469, 10 N. Y. Supp. 71. These authorities seem to be conclusive upon this question, and, without further discussion, to lead to the conclusion that the board of commissioners erred in overruling the relator's application to defend by counsel. The opportunity to defend, to which he was entitled, has never been allowed him, and hence he has been unlawfully removed from his office. This conclusion renders it unnecessary to consider the other objections raised by the relator. The determination of the commissioners must be reversed, with $50 costs and disbursements, and the relator reinstated. All concur.