(66 App. Div. 52.)

### PEOPLE ex rel. SMITH v. PHISTERER et al.

(Supreme Court, Appellate Division, Third Department. November 13, 1901.)

1. CERTIORARI—MILITARY BOARD OF EXAMINATION—JUDICIAL ACTS.
    The board of examination appointed under Military Code, § 64, to
    determine the general fitness of a person for service as commissioned
    officer in the national guard of the state, acts judicially in the matter,
    subjecting its action to review in the civil courts by certiorari.

2. SAME—DENIAL OF COUNSEL.
    Where the board of examination appointed under Military Code, § 64,
    to determine the general fitness of a person for service as a commis-
    sioned officer, denies such person the privilege of being represented by
    counsel, such refusal is such error as requires the setting aside of its
    decision.

3. SAME—SCOPE OF REVIEW.
    On certiorari to review the determination of the board of examination
    appointed under Military Code, § 64, to examine a person's fitness for
    service as a commissioned officer, the court cannot review the order
    appointing the board.

Certiorari, on relation of Clinton H. Smith, against Frederick
Phisterer, as acting adjutant general, and others, to review their pro-

ceedings to determine the relator's fitness for service as a commissioned officer in the national guard of the state. Reversed.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Alexander S. Bacon, for relator.

John C. Davies, Atty. Gen., for respondents.

PER CURIAM. This is a certiorari to review the proceedings of a board of examination appointed by the governor under the provisions of section 64 of the Military Code, by general "orders No. 7," to examine into the moral character, capacity, and general fitness of the relator for service as a commissioned officer in the national guard of the state. The court of appeals, in 166 N. Y. 462, 60 N. E. 187, has decided that this very board was acting judicially in this matter, and that its action is subject to review in the civil courts by a writ of certiorari.

That question being settled, we are now called upon to review those proceedings, and the attorney general practically concedes that they were not such as are required in tribunals exercising judicial functions. When the relator appeared before such board he asked to be represented by counsel. That privilege was denied him. Such refusal was an error which, in itself, requires that the decision of such board be reversed and set aside. Nichols Case, 79 N. Y. 582; People v. Keeler, 99 N. Y. 485, 2 N. E. 615, 52 Am. Rep. 49; People v. Hannan, 56 Hun, 471, 10 N. Y. Supp. 71; People v. Flood, 64 App. Div. 209, 71 N. Y. Supp. 1067. This conclusion renders it unnecessary to examine any of the other alleged errors of which the relator complains.

The determination of the board must be reversed, and "orders No. 37," which is based thereon, must be vacated and set aside.

We are asked by the relator to also vacate "orders No. 7." That was the order which convened and created the board whose proceedings we are now reviewing. It was made by the governor, and antedated all such proceedings. It is not within the scope of this writ, and therefore should not now be vacated.

Determination of the board of examiners reversed, and "orders No. 37" vacated, with $50 costs and disbursements.