PEOPLE ex rel. O'NEILL v. BINGHAM, Police Com'r.

(Supreme Court, Appellate Division, First Department.   June 4, 1909.)

1. MUNICIPAL CORPORATIONS (§ 185*)—POLICE DEPARTMENT—REMOVAL OF PO-
LICEMEN—PROCEEDINGS.

A policeman is not entitled to have a judgment of dismissal set aside
for the absence of his counsel at an adjourned hearing where he knew
the day before such hearing that his counsel was ill and would not be
able to appear, but made no effort before the hour of hearing to obtain
an adjournment or employ other counsel.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
185.*]

2. MUNICIPAL CORPORATIONS (§ 185*)—PROCEEDINGS FOR REMOVAL OF POLICE-
MEN—AUTHORITY OF DEPUTY COMMISSIONER.

The deputy police commissioner has authority to pass on the suffi-
ciency of the grounds presented for an adjournment of a hearing on
charges against a policeman.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
185.*]

3. MUNICIPAL CORPORATIONS (§ 185*)—PROCEEDINGS FOR REMOVAL OF POLICE-
MEN—ADJOURNMENT.

A policeman has neither a constitutional nor statutory right to an ad-
journment as of course of the hearing on charges for his removal.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
185.*]

4. MUNICIPAL CORPORATIONS (§ 185*)—PROCEEDINGS FOR REMOVAL OF POLICE-
MEN—OPENING JUDGMENT.

A policeman is not entitled to have a judgment of his dismissal set
aside, in the absence of any showing of a meritorious defense to the
charges against him.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
185.*]

5. MUNICIPAL CORPORATIONS (§ 185*)—PROCEEDINGS FOR REMOVAL OF PO-
LICEMEN—ADJOURNMENT.

A policeman is not entitled to have a hearing on the charges against
him adjourned without showing, if required, that he has a meritorious
defense.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
185.*]

6. MUNICIPAL CORPORATIONS (§ 185*)—PROCEEDINGS FOR REMOVAL OF POLICE-
MEN—EMPLOYMENT OF COUNSEL.

In the absence of any law requiring it, a city is not bound to furnish
counsel to a policeman against whom charges are presented.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
501; Dec. Dig. § 185.*]

7. MUNICIPAL CORPORATIONS (§ 185*)—PROCEEDINGS FOR REMOVAL OF POLICE-
MEN—ADJOURNMENT.

The mere fact that a policeman against whom charges have been pre-
sented has retained counsel does not give him the absolute right to have
the hearing on the charges adjourned from time to time until such coun-
sel can appear for him.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
185.*]

8. MUNICIPAL CORPORATIONS (§ 185*)—PROCEEDINGS FOR REMOVAL OF POLICE-
MEN—ADJOURNMENT.

Where a policeman against whom charges have been presented asks for
an adjournment of the hearing, the commissioner has the right to con-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sider the disturbance of the detail of the police force incident to requiring them to appear from time to time on such hearing, and also the expense to which the city will be subjected in subpœnaing witnesses, and the importance of having an early decision on the charges.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 185.*]

Scott, J., dissenting.

Certiorari by the People, on the relation of Thomas J. O'Neill, against Theodore A. Bingham, as police commissioner, to review the determination of respondent dismissing relator from the police force. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

J. Gardner Stevenson, for relator.
Terence Farley, for respondent.

LAUGHLIN, J. I am of opinion that the relator cannot be reinstated without extending the grounds of review of the action of the commissioner of police on charges preferred against members of the department to an unwarranted extent, and establishing a precedent which will unnecessarily and improperly interfere with the disciplinary power of the commissioner, and will be very prejudicial to the interests of the municipality.

The grounds upon which the action of the police commissioner may be reviewed in a certiorari proceeding of this nature are those enumerated in section 2140 of the Code of Civil Procedure. It is therein expressly provided that they must involve the merits, and there are only five questions which may thus be reviewed. The first is whether the commissioner had jurisdiction of the subject-matter. That is not questioned. The fourth is whether there was any competent proof of the facts necessary to be proved; and the fifth is whether upon all the evidence there was such a preponderance of proof against the existence of any material fact that a verdict affirming the existence thereof, if rendered in the Supreme Court, would be set aside as against the weight of evidence. No question can arise under either of these subdivisions, for the reason that the charges are sustained by the testimony of several witnesses, and there is no testimony to the contrary. If the review be authorized, therefore, authority must be found in the second and third subdivisions of this section of the Code.

The second subdivision authorizes a review of the question as to whether the authority conferred has been pursued in the manner required by law; and the third subdivision authorizes a review of the question as to whether in making the determination any rule of law affecting the rights of the relator has been violated to his prejudice. There is no question but that the charges were sufficient, were in proper form, were duly served upon the relator, and that the deputy commissioner on the return day, the relator and his counsel being present, duly proceeded with the hearing as required by law, and duly

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

adjourned the same to a fixed time and place for further hearing, and held three hearings at which the relator was duly represented by counsel and at which testimony showing that the relator was guilty of the charges was given by many witnesses. The determination is not challenged upon the ground that any evidence was erroneously received or excluded, except that error is predicated on the admission of a declaration made by counsel for the relator tending to show that he did not, as claimed by the relator, absent himself from the hearing owing to illness, which tended to controvert the affidavit of the physician, and therefore requires no special consideration.

In my opinion the record does not show that the authority conferred upon the commissioner has not been exercised as required by law, or that any rule of law affecting the rights of the relator has been violated to his prejudice. The relator was entitled to the benefit of counsel; but he was not denied that right. It was no fault of the commissioner that the counsel for the relator was not present on the adjourned day on which the commissioner had given his counsel two days' notice that the hearing must be closed. The relator knew in the afternoon of the day before the last adjourned hearing that his counsel was ill and would be unable to appear. The relator, instead of applying to or communicating with the commissioner in advance, with a view to ascertaining whether or not the hearing would be adjourned upon that ground, and with a view to enabling the commissioner to avoid the inconvenience and expense to the city of procuring the attendance of witnesses and of having members of the force relieved from their positions and appear at headquarters as witnesses, and instead of employing other counsel, let the matter drift until the hour of the hearing, when two witnesses from out of town and several police officers and other witnesses were on hand to testify, and his ground of complaint is solely that the commissioner did not adjourn the hearing or subject the city to the expense and loss of requiring these witnesses to appear on a subsequent day to enable his counsel to cross-examine them. The deputy commissioner was authorized to pass upon the question of the sufficiency of the ground presented for an adjournment, and it was his duty to do so. The relator has neither a constitutional nor a statutory right to an adjournment as of course. He rested his right to an adjournment and to demand an annulment of the proceedings resulting in his dismissal from the force upon the ground that it was the duty of the deputy commissioner to adjourn the hearing upon the presentation and filing of an affidavit that his counsel was ill, or to require the attendance of the witnesses for cross-examination when the proceeding was opened for a further hearing.

The relator's counsel was present at the first three hearings, and at those hearings 12 witnesses in all were examined. The last of those hearings was on February 9, 1907, and the hearing was then adjourned until the 16th day of the same month. Neither then nor on a subsequent day, when the hearing was reopened and when relator and his counsel were present, did he offer to be sworn to show that he had a meritorious defense, nor did he present or file an affidavit of merits with the commissioner. He personally declined to cross-

examine the seven new witnesses called on the last adjourned day in the absence of his counsel on the ground that he was not competent to do so, and he refused to testify in his own behalf or to answer any question put to him by the deputy commissioner. For aught that appears, he may have no defense to the charges.

I am of opinion that this court should not annul the proceedings without anything upon the record tending to show that the rights of the relator have been prejudiced, for, as I understand it, his rights have not been prejudiced in law unless he has a meritorious defense to the charges. Even in a proceeding or action at law, a party is not entitled to have a hearing or trial adjourned without showing, if required, in addition to the necessity for the adjournment, that he has a meritorious case or defense (Brooklyn Oil Works v. Brown, 7 Abb. Pr. [N. S.] 382, cited with approval in Garfield Nat. Bank v. Colwell, 28 N. Y. St. Rep. 723–725, 8 N. Y. Supp. 380), and the same rule prevails and should obtain with greater strictness in a hearing of this nature (People ex rel. Glennon v. Martin, 13 Misc. Rep. 9, 33 N. Y. Supp. 1007). If the determination be regarded as one made against the relator upon evidence by default, that does not aid him. In a court of law, where strict rules prevail and where appeals and other remedies are afforded, judgments and determinations taken by default are neither reversed, vacated, nor annulled without proof of merits of the adverse party's case or defense, without which there could be no prejudice or injustice caused by the action taken.

Since a member of the uniformed force of the department of police is entitled to a hearing and to be represented by counsel, doubtless a record might be presented showing such an abuse of the discretionary power of the commissioner or of his representative in refusing to adjourn a hearing in a case showing a meritorious defense to the charges as would warrant the court in holding that the authority conferred upon the commissioner had not been pursued in the manner required by law; but it is manifest that the court should not interfere for such cause except in a very extreme case, and never, I think, without some evidence upon the record tending to show that the relator has a defense to the charges. The question is whether the removal of the relator had been had by due process of law. He was entitled to be represented by counsel and to be given a reasonable opportunity of having counsel cross-examine the witnesses produced against him. This, of course, does not mean that the party proceeded against must in all cases and at all times be represented by counsel.

No provision of law requires the people or the city to furnish counsel to a member of the police force against whom charges are presented. It is optional with himself whether or not he shall have counsel. It is evident that his right in these circumstances to counsel involves only the right to have a reasonable opportunity to obtain counsel. If the record discloses that he has been afforded a reasonable opportunity to obtain counsel, then clearly no provision or rule of law affecting his rights has been violated. The mere fact that he retained a particular member of the bar at the outset did not give him the absolute right to have the proceeding adjourned from time

to time until the particular attorney was able to appear for him. The commissioner is necessarily vested with discretion with respect to adjournments and with respect to the time within which the hearing is to be closed. The interests of the public require that members of the force against whom charges are made, which, if sustained, show them unfit to hold the office, should be speedily heard and decided. Where the adjournment is asked by the party on trial, the commissioner has a right to consider the disturbance of the detail of the members of the force and the interference with the public service incident to requiring them to appear from time to time on such hearings, and also the expense to which the city is subjected in subpœnaing other witnesses, and the importance of having an early decision upon the charges. If the ground of the adjournment be the absence of counsel, he is to determine the sufficiency of the excuse for his nonattendance, and as to whether the client had a reasonable time and opportunity to engage other counsel. He should not, of course, arbitrarily or unnecessarily subject a member of the force to the expense of changing counsel during the progress of the hearing. No hard and fast rule may be laid down for his guidance.

It can neither be maintained that the relator had an absolute constitutional or statutory right to an adjournment upon filing an affidavit that his counsel was ill and unable to appear; nor, on the other hand, can it be affirmed that the commissioner was vested with discretionary power to grant or refuse the adjournment at will. It was his duty to act reasonably and to afford the relator a reasonable opportunity to meet the charges and to be represented by counsel; but, when the relator desired an adjournment, it was his duty either to file an affidavit showing that he had a meritorious defense, or to submit to an examination by the commissioner with respect to the charges, as he was requested to do in the case at bar. Having failed to do either of these things, he comes before us with a record showing that he was guilty of the charges, and with nothing to show that he has a defense on the merits; and therefore the record is barren of evidence showing that he was prejudiced by the failure of the commissioner to adjourn the hearing or to require the attendance of the witnesses after the hearing was reopened.

The proceeding should therefore be affirmed, and the writ dismissed, with costs.

PATTERSON, P. J., and INGRAHAM and CLARKE, JJ., concur.

SCOTT, J. (dissenting). I regret that I am unable to concur in the dismissal of this writ. I fully recognize the rule that trials of police officers upon charges are disciplinary in their character, and that the strict rules which are applied in judicial proceedings are not always to be applied. For this reason, I should be willing to overlook the instances of extremely unjudicial deportment upon the part of the deputy commissioner who conducted the trial. I am, however, forced to the conclusion that the constitutional right of the relator to be represented by counsel was distinctly and arbitrarily infringed upon. That an officer put upon trial on charges is entitled to be rep-

117 N.Y.S.—28

resented by counsel is admitted by the learned corporation counsel, and is established by ample authority. People ex rel. Mayor, etc., v. Nichols, 79 N. Y. 582; People ex rel. Ellett v. Flood, 64 App. Div. 209, 71 N. Y. Supp. 1067. It follows, of course, that he is entitled to a reasonable opportunity to provide himself with counsel. Of this he was in my opinion deprived. The testimony returned by the police commissioner strongly suggests that the relator deserved the punishment which was inflicted upon him, and, if his trial had been properly conducted, it is probable that it would be our duty to affirm the action of the commissioner. But even a delinquent policeman has some rights which may not be arbitrarily and unreasonably denied him, and for that denial in the particular I have pointed out I find myself unable to vote for an affirmance of the dismissal.