STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ALBERT MUNGIOLI, PLAINTIFF IN ERROR.

Submitted October 5, 1943—Decided December 9, 1943.

Before Brogan, Chief Justice, and Justices Bodine and Colie.

For the plaintiff in error, *Walter S. Keown.*

For the defendant in error, *Gene R. Mariano.*

The opinion of the court was delivered by

Bodine, J. Plaintiff in error was charged under three indictments with having on three different days committed the crime of assault and battery upon the person of his divorced wife. The indictments were filed November 27th, 1942. He was arraigned December 4th, 1942, and entered a plea of not guilty. On December 9th the plea was retracted and a plea of *non vult contendere* was duly entered, the court imposing sentence in the following manner, according to the return: "that the said defendant, Albert Mungioli, be confined in State Prison, at Trenton, New Jersey, at hard labor for a term of one to two years to run consecutively on the said three charges, Jail sentences to be suspended and placed upon Probation."

On March 25th, 1943. the plaintiff in error was brought before the court charged with several violations of his probation. On that day, the "Court ordered the Clerk to correct and amend the sentence imposed on December 9th, 1942, so that it would appear as follows: 'One to two years State Prison to run consecutively and suspended on good behaviour and placed on probation for five years.'" The plaintiff in error was then sent to the State Prison for examination as to his mental condition. On May 20th, 1943, the plaintiff in error was ordered returned from State Prison for sentence on June 29th, 1943. He was sentenced: "to State Prison,

for a term of One to two years on the first count, and the suspension to remain on the others." When the court spoke of count it undoubtedly meant indictments.

The pertinent portions of chapter 199 of the Revised Statutes are as follows: "the courts of this state having jurisdiction over criminal or *quasi*-criminal actions shall have power, after conviction or after a plea of guilty or *non vult* for any crime * * * to suspend the imposition or execution of sentence, and also to place the defendant on probation under the supervision of the chief probation officer of the county, for a period of not less than one year nor more than five years." *R. S.* 2:199–1.

*R. S.* 2:199–2 provides: "The court shall determine and may, at any time, modify the conditions of probation, and may, among others, include any of the following: That the probationer shall * * * report to the probation officer as directed by the court or probation officer * * *."

*R. S.* 2:199–4 provides: "At any time during the probation period the court may issue a warrant and cause the probationer to be arrested for violating any of the conditions of his probation, or any probation officer, police officer, or other officer with power of arrest upon the request of the chief probation officer, may arrest the probationer without a warrant; and a commitment by such probation officer setting forth that the probationer has, in his judgment, violated the conditions of his probation shall be sufficient warrant for the detention of such probationer in the county jail * * *. Such probation officer shall forthwith report such arrest or detention to the court * * *. Thereupon the court, after summary hearing, may continue or it may revoke the probation and the suspension of sentence, and may cause the sentence imposed to be executed or impose any sentence which might originally have been imposed."

On March 25th, 1943, the plaintiff in error was brought before the court for a violation of his probation. It appeared that he had not reported to the probation officer as directed by him and that he had been arrested on complaint of his former wife charging that he had threatened to kill her. The court thereupon took the action indicated.

General rules, within the four corners of the statute, were at first laid down by most of the county courts. The time to report is fixed, as it may be under the statute, by the chief probation officer. The probationer and probation officer should have a record of the visits. The probationer failed to produce his record so there is nothing to disprove the charge of non-performance established by the oath of the probation officer.

The period of probation should, as a matter of good practice, be stated by the court at the time the sentence is imposed; but under the statute it was not a fatal defect that it was not done. During the period of from one to five years the court was at liberty, on hearing, to increase or decrease the period of probation and on summary hearing to impose any sentence which it might have imposed when the sentence was first imposed.

The argument of counsel overlooks the reason for the passage of statutes providing for probation. The statute was planned to protect society and to provide an opportunity for the reform of an offender against public order. Cases decided before the enactment of the statute are not helpful.

In the absence of statute or objection, the courts have power to suspend the sentencing of a convicted person, and at any time thereafter, either before or after the term, to cause accused to be brought before it and impose such sentence as would have been proper immediately after the conviction. *State* v. *Osborne,* 79 *N. J. Eq.* 430.

Plaintiff in error made no objection to the sentence as first imposed and thereafter he was subject to the provisions of his probation and if he failed to observe the rules he was subject to the action taken.

The proceedings were not irregular in any respect. The plaintiff in error, as we have seen, was brought before the court on complaint of the chief probation officer. He must have had notice of the time of hearing because he was represented by counsel who appeared for him. The proceeding is a summary one—so the statute directs. The prosecutor stated the charge of violating the condition of probation as to reporting to the probation officer. The proofs were pre-

sented under oath. There was an opportunity, which was utilized, to examine and cross-examine the witness. The plaintiff in error took the stand and if he had any record to overcome the testimony adduced he could have produced it but he failed so to do. Certainly, a man who would not report to the chief probation officer as directed, and who had three times caused to be entered a plea of *non vult contendere* to indictments charging him with assault and battery upon the person of his former wife and who had presently been charged with making a threat to kill her, was the proper subject for the action taken which was obviously in the best interest of the community.

The judgment will be affirmed, with costs.