73 So.2d 881 (1954)
JACKSON
v.
MAYO.
Supreme Court of Florida. Special Division B.
July 20, 1954.
John R. Parkhill, Tampa, for petitioner.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
DREW, Justice.
On January 25, 1935, petitioner was sentenced to twenty years imprisonment for second-degree murder. March 16, 1942, petitioner was released from prison on parole under the supervision of the Florida Parole Commission. March 9, 1954, the Parole Commission issued to petitioner a notice in which it was charged that petitioner violated conditions of his parole which required that petitioner "avoid injurious habits and shall not associate with persons of harmful character or bad reputation" and which required him to make a full and truthful report to his parole supervisor with reference to matters of income for the month of January, 1954. On March 17, 1954 [the date of the hearing set in the notice] the parole was revoked by the Florida Parole Commission and the petitioner taken into custody and returned to the state prison.
Petitioner filed a petition for writ of habeas corpus in this Court setting out the above facts and alleging further that he was unlawfully detained because his parole had been wrongfully revoked because the hearing before the Commission on March 17, 1954, did not meet the requirements of Section 947.23, F.S. 1951, *882 F.S.A. In this connection, he alleged that, at the aforesaid hearing at which he appeared pursuant to notice, no evidence was adduced to prove that petitioner had violated any terms of his parole. Petitioner himself denied that he was guilty of any parole violation, but nevertheless the Commission revoked the parole thereby requiring petitioner to return to prison to serve thirteen years. Attached to this petition was a transcript of the proceedings at the alleged hearing. Upon consideration of this petition, we issued a writ of habeas corpus to which respondent filed a return. Petitioner has not filed a reply to the return but we treat the original petition as a traverse thereto. Snead v. Mayo, Fla., 1953, 66 So.2d 865.
Respondent, in the return, concedes that the transcript is a substantially correct record of the proceedings before the Commission but denies that there was no basis for revocation of the parole. Respondent attached to the return an exhibit, purporting to be a copy of a report made to the Commission by one of its assistants, and asserted that this report "was a part of the Parole Commission's files and records at the time of said parole violation hearing and said Commission took notice of said report as evidence in arriving at its determination that the petitioner had violated the terms of his parole."
We must determine from the record before us whether the parole of petitioner was lawfully revoked. Section 947.22 provides that if any member of the Commission or any parole supervisor has "reasonable ground" to believe that a parolee has violated the terms of his parole in a "material respect," the parolee under outlined procedure shall be brought before the Commission; Section 947.23(1), F.S. 1951, provides that in event of charge of violation, the parolee shall appear before the Commission in person, with counsel if he desires, and a hearing shall be had at which "the State of Florida and the parolee may introduce such evidence as they may deem necessary and pertinent to the charge of parole violation." (Emphasis added.)
The admission by respondent that the Commission considered in arriving at its decision, a report not placed in evidence at the hearing, is a clear violation of the specific language of the statute requiring that the "State of Florida and the parolee may introduce such evidence as they may deem necessary and pertinent to the charge of parole violation." Under the language of the statute, it was the duty of the Commission to offer into evidence at a hearing in which the parolee was present such evidence as was necessary to sustain the charge. The Commission had no right to treat as evidence material not introduced as such or to consider any information outside the record in its disposition of the case.
The only evidence introduced before the Commission was the testimony of the petitioner. We have carefully considered such testimony and find that it [parolee's testimony] fails to show violation of his parole in any material respect but, on the contrary, is a consistent denial or explanation of all factual accusations with reference to material matters about which he was questioned. Thus the record before us clearly sustains petitioner's position that there was no evidence offered before the Commission authorizing the revocation of his parole.
We do not say that hearings of the sort mentioned in the statute must be formal in nature. Nevertheless, the Commission in conducting such hearings must be guided by basic principles of fairness. At common law a hearing required at least the right seasonably to know the charges preferred, to meet them by competent evidence and to be heard by counsel upon the probative force of the evidence adduced by both sides. See Wisconsin Telephone Co. v. Public Service Commission, 232 Wis. 274, 287 N.W. 122, 133. The substance of these common-law requirements is embraced within our statute, and under this statute the Commission has no authority in arriving at its determination to take into consideration matters not presented in evidence at a hearing attended by the parolee. If the Legislature had intended to *883 give the Parole Commission the power to revoke a parole at its pleasure, it would not have been necessary so carefully to provide for a hearing, after notice, with counsel if desired by the parolee, and stipulate in the statute that within a reasonable time after the hearing such Commission should "make findings upon such charge[s]" and "enter an order determining" whether such charges had been proved.
The petitioner is discharged but without prejudice to the Commission to conduct further hearings and adduce evidence on the question of petitioner's alleged parole violations, in conformity to the views herein expressed.
THOMAS, Acting Chief Justice, and HOBSON and MATHEWS, JJ., concur.