STATE OF DELAWARE v. JOHN W. BOGGS, JR.

(*March* 31, 1955.)

LAYTON, J., sitting.

*Herbert L. Cobin,* Chief Deputy Attorney-General, for the State.

*George L. Sands* for the Defendant.

Superior Court for New Castle County, Criminal Action No. 259-260, 1954.

LAYTON, J.:

In 1917, defendant plead guilty to murder in the second degree and was sentenced to jail for life. In 1932, he was paroled and continued at liberty on parole for approximately 23 years when, at the May Term of this Court, 1954, he was arrested, imprisoned, and indicted for robbery and arson. The State did not bring him on for trial at the first term after the indictments were found and, having failed to bring him to trial at the second term thereafter, he was, in accordance with the provisions of *Title* 10, § 6910, *Del. C.*, discharged from custody and admitted to bail upon signing his own recognizance.

The moment defendant was discharged from custody, he was arrested by the State Parole Officer and imprisoned upon the ground that he had violated his parole. At a hearing by the Parole Board on January 28, 1955, defendant was found guilty of violation of parole and ordered to serve out his original sentence. The only ground for revocation of parole was the existence of the two indictments above mentioned upon which there had been no trial.

Defendant brings habeas corpus upon two grounds.

(1) Was a sufficient hearing afforded defendant within the meaning of Title 11, § 7714, *Del. C.*?

(2) May a parole board revoke a parole on the sole ground that, during the existence thereof, defendant was indicted for a new offense?

At the hearing on the writ of habeas corpus, the following facts appeared. The prisoner was brought before the Board and apprised of the charge but at first denied the right to be represented by an attorney. Thereafter, at some stage of the hearing, his attorney was admitted into the room but warned that he was allowed there not in the capacity of counsel but rather as a

"friend" of the prisoner. Testimony was taken consisting of the introduction into evidence of the two indictments returned against defendant and the defendant's statement that he was free of all guilt on either charge. Defendant was not allowed to call a witness in his behalf even though such witness was then confined in the same jail in which the hearing was being held.

Thereupon, the President of the Board orally announced that it found defendant guilty of a parole violation. No formal order was entered. The only documents bearing upon the hearing are a letter from the Secretary of the Parole Board to the Warden of the prison stating that defendant had been given a hearing, adjudged guilty and resentenced to the balance of his original sentence together with a writ issued to the Trustees of the prison over the hand and seal of the President of the Board of Parole, reciting that defendant was adjudged guilty of a parole violation and resentenced to serve out his original sentence. Presumably, there are no written records* of the case in the files of the Parole Board itself for the letter and writ both were transmitted to the prison authorities.

Was the hearing afforded the defendant sufficient within the meaning of 11 *Del. C.* § 7714, which provides:

"At the next meeting of the Board * * *, the prisoner shall be given the opportunity of appearing before the Board * * * and in case the prisoner can establish his innocence of violating the terms of parole or in case the Board finds there is reasonable doubt of such violation, the original order of release on parole shall again become effective * * *, but if the prisoner is deemed guilty, he shall be returned to the institution for the unexpired portion of the sentence to be served."

The quoted section clearly requires no formal hearing. The appearance of the defendant, apprizing him of the charge with the right to be represented by counsel, the calling

---

*The Parole Board has no stenographer. Although there is no testimony so indicating, copies of the letter and writ above mentioned may remain in the files of the Board. I cannot assume this to be a fact, however.

of witnesses, the taking of testimony under oath and a finding by the Board within the meaning of the section just quoted would seem to satisfy the requirements of the statute. However, I am of the opinion that some formal order reciting the holding of a hearing in the case and the action of the Board should be entered in the records of the Board, not only as a matter of keeping a permanent record but also in case of a finding of guilty, upon which to base the issuance of the writ directing the return of the prisoner to the prison for the unexpired portion of his term. In this case, the files of the Board seemed to contain little or nothing except some informal notes of the Secretary in his own handwriting.

Again, while the prisoner was afforded some form of belated representation, nevertheless, right to counsel was at first denied and then, apparently after protest, later only grudgingly granted by way of allowing counsel to appear as a "friend" of the prisoner. I do not intend to hold that a parolee is necessarily entitled to the appointment of counsel to represent him at such a hearing, but in this case defendant already had counsel who had been assigned to represent him in the robbery and arson charges. Furthermore, I should suppose that the activities of counsel at such a hearing might be circumscribed to the extent that he might not be permitted fully to participate in the proceedings as if in a formal Court hearing. Nevertheless, informal as such a hearing may have been intended, the prisoner should, if he desired, be permitted to have his own counsel present.

Finally, it appears that the defendant desired to call a witness in his behalf who was then within the same institution when the hearing was being conducted. This right was denied.

Under all the circumstances, I am of the opinion that the type of hearing afforded the defendant in this case was not sufficient to meet the minimum requirements of the statute. *State v. Mungioli*, 131 *N. J. L.* 52, 34 *A.* 2d 752.

The matter is remanded to the Board of Parole to take such proceedings as it should decide in the light of this opinion.

Pending further action by the Board or the outcome of his trials upon the charges of arson and robbery, whichever is sooner, the defendant is discharged from custody.

In the light of what has been said, I do not consider it necessary to decide the serious question as to whether the action of the Parole Board in resentencing defendant for life without other proof of a parole violation than the bare existence of the indictments was proper.