WARDEN OF MARYLAND PENITENTIARY
*v.* PALUMBO

[No. 59, September Term, 1957.]

(Cross Appeals)

*Decided October 24, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General,* and *J. Harold Grady, State's Attorney for Baltimore City,* on the brief, for appellants.

*J. Calvin Carney,* with whom was *Preston A. Pairo, Sr.,* on the brief, for appellee.

COLLINS, J., delivered the opinion of the Court.

This is an appeal by the Warden of the Maryland Penitentiary and the Board of Parole and Probation, (the Board), and a cross appeal by Samuel E. Palumbo, (Petitioner), who filed a petition for a writ of habeas corpus.

On September 23, 1948, Petitioner was found guilty in the Criminal Court of Baltimore of assault with intent to rape and was sentenced to life imprisonment in the Maryland

Penitentiary. His sentence was later reduced to twenty years and on January 24, 1955, he was released on parole by the Board subject to certain conditions set forth in the parole order.

On February 17, 1956, while still on parole, Petitioner was arrested and indicted for extortion and for having in his possession a deadly weapon. He was tried on these charges and acquitted in the Criminal Court of Baltimore. On February 20, 1956, the Board issued a warrant charging him with violating the conditions of his parole. Following his acquittal on the aforementioned charges, he was returned to the Maryland Penitentiary on May 8, 1956.

Petitioner employed an attorney to represent him and on May 23, 1956, Petitioner appeared before the Board to answer the charge that he had violated his parole. The Board denied his attorney's request to appear before it at that time on the ground that the Board was not required by law to permit the attorney's attendance at interviews and appearances before the Board, involving the revocation of parole. Later, on the day of the hearing, however, the Board met and consulted with the attorney representing the Petitioner. On July 5, 1956, the attorneys for Petitioner again appeared before the Board and presented arguments in support of Petitioner's contention that the conditions of parole had not been violated and subsequently submitted to the Board a memorandum containing legal authorities and further arguments to support their contention that Petitioner had not violated his parole. The Board, in an opinion dated July 27, 1956, ruled that the conditions of the parole had been violated and ordered that it be revoked and Petitioner be returned to the Maryland Penitentiary to serve the remainder of the sentence originally imposed upon him, without credit for the time spent in the community under parole supervision.

Thereafter, Petitioner filed in the Baltimore City Court a petition for the issuance of a writ of habeas corpus alleging that the Board acted illegally in revoking the parole without permitting him to be represented by counsel before the Board, and that none of the conditions of the parole had actually been violated. Judge Manley heard the petition, took testimony,

heard argument of counsel and filed a comprehensive opinion in which he held that Petitioner had been unlawfully deprived of employed counsel. In an order filed on February 15, 1957, he ordered that Petitioner was entitled to the writ; that Petitioner be discharged from the Maryland Penitentiary subject to the conditions of the parole dated January 24, 1955; and that, as the Attorney General had stated that he intended to file an application for leave to appeal to the Court of Appeals, the order be stayed pending a decision of this Court on Petitioner's application for leave to appeal and pending a further decision on said appeal if same be allowed by this Court. He further stated in his order that the question whether the matters considered by the Board were sufficient to justify its action in revoking Petitioner's parole, and whether the conditions set forth in the order dated January 24, 1955, for release on parole are proper, reasonable or sufficiently definite, should not be decided by him at that time. Leave to appeal from Judge Manley's order to this Court was granted on May 28, 1957.

The Warden appeals from that part of the order which discharged the Petitioner. The Petitioner cross appeals from the failure of the trial judge to pass upon the question whether the facts before the Board were sufficient to justify a revocation of his parole.

The question for our decision is whether the attorneys employed by Petitioner should have been permitted to appear with him before the Board.

It is provided in part by Chapter 625, Acts of 1953, Code, 1957 Cumulative Supplement, Article 41, Section 91H: "Whenever a prisoner released on parole is retaken, he shall, at the next meeting of the Board of Parole and Probation at the institution designated for the return of the parolee, be given an opportunity to appear before the Board or a member thereof."

In the case of *Murray v. Swenson,* 196 Md. 222, 229, 76 A. 2d 150, the Governor, on June 17, 1943, revoked the pardon of Murray and he was returned to the Penitentiary. The statute, then in effect, Code, 1939, Article 41, Section 80, provided in part: "the Governor, in the absence of any provision

to the contrary expressed therein, shall be the sole judge of whether or not the conditions of said pardon have been breached, and the determination by the Governor, that the conditions of such pardon have been violated by the person receiving the same, shall be final and not subject to review by any Court of this State." This Court there pointed out the following: "When the Director of Parole and Probation issues a warrant for the taking of any paroled convict, he conducts a hearing 'within a reasonable time' to determine whether or not the parole shall be revoked. If the Director finds that the paroled convict has in fact violated his parole, he issues an order remanding him to the institution from which he was paroled." After reviewing many cases this Court held that it would be a constitutional violation and a contravention of the American concept of the fundamental principles of justice for the Governor to revoke the conditional pardon without giving the grantee "an opportunity to be heard". We held that the prisoner should be released from custody, unless a hearing was given within a reasonable time.

In *Swan v. State,* 200 Md. 420, 425, 90 A. 2d 690, this Court said: "This court has held that a parole cannot be revoked without first giving the parolee *a hearing,* and that this is a requirement of due process of law. *Wright v. Herzog,* 182 Md. 316, 322-323, 34 A. 2d 460. *State ex rel. Murray v. Swenson,* 196 Md. 222, 76 A. 2d 150. *Hite v. State,* 198 Md. 602, 84 A. 2d 899." (Italics supplied.) In *Jett v. Supt.,* 209 Md. 633, 640, 120 A. 2d 580, it was stated: "A formal trial is not required on the inquiry of whether or not the conditions of probation have been violated." In *Raymond v. State ex rel. Szydlouski,* 192 Md. 602, 607, 65 A. 2d 285, and in *Marvin v. Warden,* 212 Md. 634, 129 A. 2d 85, it was held that Article 21, Maryland Declaration of Rights, does not require the appointment of counsel in a criminal case but was intended to do away with the rules which denied representation by counsel. In *Stewart v. Warden,* 212 Md. 657, 129 A. 2d 89, it was said: "We assume without deciding that the right to counsel at a hearing on violation of the condition of suspension is the same as at a trial." *Walker v. Warden,* 213 Md. 656, 132 A. 2d 477.

Chapter 406, Section 55-A, Acts of 1939, Code, 1951, Article 41, Section 101, provided in part: "Whenever the Director of Parole and Probation shall issue a warrant for the retaking of any paroled prisoner, he shall within a reasonable time thereafter conduct at any convenient place a hearing to determine whether or not the parole issued to such paroled prisoner shall be revoked." Although the word "hearing" was used in that Act, while the words "an opportunity to appear" are used in the present statute, as aforesaid, we do not consider that this change was intended to take away the right of Petitioner to be represented by counsel employed by him.

In *Avery v. Studley,* 74 Conn. 272, 50 A. 752, it was said that the deprivation of counsel was unusual but did not in itself invalidate the result of a hearing unless in a purely judicial proceeding or in a trial before administrative officers closely akin to a trial in court. An abstract definition of "hearing" given in the case of *Wisconsin Telephone Co. v. Public Service Commission,* 232 Wis. 274, 287 N. W. 122, 593, included: "* * * the right to be heard by counsel upon the probative force of the evidence adduced by both sides, and upon the law applicable thereto." In a parole revocation case the Florida Supreme Court in the case of *Jackson v. Mayo* (Fla.), 73 So. 2d 881, adopted this definition.

Among cases which have reflected the view that a necessary ingredient of a fair hearing is the right to be represented by counsel are *People ex rel. Mayor of New York v. Nichols,* 79 N. Y. 582; *People ex rel. Brady v. O'Brien,* 9 App. Div. 428, 41 N. Y. S. 529; *People ex rel. Ellett v. Flood,* 64 App. Div. 209, 71 N. Y. S. 1067; *People ex rel. O'Neill v. Bingham,* 132 App. Div. 667, 117 N. Y. S. 429; *Christy v. City of Kingfisher,* 13 Okla. 585, 76 P. 135; *Bancroft v. Bd. of Governors of the Registered Dentists of Okla.,* 202 Okla. 108, 210 P. 2d 666; *People ex rel. Rea v. Nokomis Coal Co.,* 308 Ill. 45, 139 N. E. 41; *Berkshire Fine Spinning Associates, Inc. v. Label,* 74 R. I. 6, 60 A. 2d 871.

In a recent article entitled "The Right to a Hearing in English Administrative Law", 68 Harvard Law Review 569, 578, it is stated: "Where, however, he is held to be entitled to appear in person, there is authority for maintaining that he

is entitled to be represented by agent or by counsel, except perhaps before a forum of a private organization." See also *Regina v. Assessment Commission of St. Mary Abbotts*, [1891] 1. Q. B. 378.

The case of *State of Delaware v. Boggs*, 49 Del. (10 Terry) 277, 114 A. 2d 663, involved a hearing on a writ of habeas corpus. The Delaware statute provided: " 'At the next meeting of the Board * * *, the prisoner shall be given the opportunity of appearing before the Board * * * and in case the prisoner can establish his innocence of violating the terms of parole or in case the Board finds there is reasonable doubt of such violation, the original order of release on parole shall again become effective * * *, but if the prisoner is deemed guilty, he shall be returned to the institution for the unexpired portion of the sentence to be served.' " The prisoner was brought before the parole board, informed of the charge, but at first denied the right to be represented by an attorney. Afterwards, at some stage of the hearing, his attorney was admitted in the room but warned that he was allowed there, not in the capacity of counsel, but rather as a "friend" of the prisoner. The prisoner was found guilty of a parole violation. In a habeas corpus proceeding the Court held that the Delaware statute above quoted clearly required no formal hearing. However, among other things required under that statute was the appearance of the defendant, apprizing him of the charge with the right to be represented by counsel. The Court there said: "Again, while the prisoner was afforded some form of belated representation, nevertheless, right to counsel was at first denied and then, apparently after protest, later only grudgingly granted by way of allowing counsel to appear as a 'friend' of the prisoner. I do not intend to hold that a parolee is necessarily entitled to the appointment of counsel to represent him at such a hearing, but in this case defendant already had counsel who had been assigned to represent him in the robbery and arson charges. Furthermore, I should suppose that the activities of counsel at such a hearing might be circumscribed to the extent that he might not be permitted fully to participate in the proceedings as if in a formal Court hearing. Neverthe-

less, informal as such a hearing may have been intended, the prisoner should, if he desired, be permitted to have his own counsel present."

We are of opinion that Petitioner was entitled to be represented at the hearing by counsel employed by him and that he is entitled to a further hearing before the Board with such counsel. Petitioner is to remain in custody until such hearing. We do not intimate that the same rule would apply in an application for parole.

As another hearing is to be conducted and as we have no knowledge of what will be presented at that hearing, it would be premature to pass upon the question as to whether the parole should have been revoked.

*Order affirmed, costs to be paid by the mayor and city council of Baltimore.*