**James William MARTIN**

v.

**WARDEN, MARYLAND STATE PENITENTIARY.**

**Civ. No. 11985.**

United States District Court
D. Maryland.

April 7, 1960.

James William Martin, pro se.

THOMSEN, Chief Judge.

This is an application for a writ of habeas corpus, wherein the petitioner challenges the procedure for the revocation of parole, provided in Article 41, sec-

tion 115 of the Annotated Code of Maryland, 1957 ed.[1]

■ A petition for writ of habeas corpus raising the same point was denied by Chief Judge Morgan C. Harris in the Circuit Court for Allegany County, Maryland, on January 29, 1960. The State takes the position that since the enactment of the Post Conviction Procedure Act, Acts of 1958, ch. 44, Acts of 1959, ch. 429, Code Article 27, section 645A et seq., there is no right of appeal to the Court of Appeals of Maryland from the denial of the writ. Petitioner might apply to the Supreme Court of the United States for a writ of certiorari from the decision of the Circuit Court and because he has not done so, he has not exhausted his state remedies. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469. However, even if the petition could properly be entertained by the court at this time, it is so lacking in merit that the writ should not be issued.

The facts are stated in Judge Harris's opinion as follows: "The Petitioner was sentenced to three (3) years in the Maryland Penitentiary for Larceny by the Circuit Court for Washington County in No. 6 Criminal Trials, February Term, 1954, and was charged with Robbery and convicted on the second count of the indictment in No. 7 Criminal Trials, February Term, 1954, and sentenced to five (5) years in the Maryland Penitentiary, said sentence to begin on January 20, 1954, and the sentence in No. 6 Criminal Trials was to run consecutively with No. 7 Criminal Trials. The Petitioner was granted a parole on February 23, 1959.

"He sets forth in his petition that he was arrested by Hagerstown authorities in July of 1959 and sentenced to serve thirty (30) days in the Washington County Jail from which he escaped. He was later arrested by New Jersey authorities in August, 1959, and charged with several offenses which were dismissed, and the Petitioner was released in the custody of the Maryland State Parole and Probation authorities and returned to Maryland on September 3, 1959." Petitioner was returned to the Maryland Penitentiary, and was afforded a hearing before members of the Parole Board, after which he was told that his parole was revoked. Petitioner contends that he was entitled to a hearing before a court before his parole was revoked.

Judge Harris held that a hearing, in the sense required by the law, had been afforded petitioner, and that there was no merit in petitioner's contention that the revocation of his parole was void.

■ The Maryland law on this point has been discussed by the Court of Appeals in a number of cases, which hold that a parole cannot be revoked without first giving the parolee a hearing before the Parole Board, as provided by the Maryland statute, but that a formal trial is not required. Warden of Maryland Penitentiary v. Palumbo, 214 Md. 407, 135 A.2d 439; Jett v. Superintendent of Maryland State Reformatory for Males, 209 Md. 633, 120 A.2d 580; Swan v. State, 200 Md. 420, 90 A.2d 690; Hite v. State, 198 Md. 602, 84 A.2d 899; State ex rel. Murray v. Swenson, 196 Md. 222, 76 A.2d 150; Wright v. Herzog, 182 Md. 316, 34 A.2d 460.

1. "Whenever a prisoner released on parole is retaken, he shall, at the next meeting of the Board of Parole and Probation at the institution designated for the return of the parolee, be given an opportunity to appear before the Board or a member thereof. The Board may then or within a reasonable time thereafter revoke the order of parole and terminate the conditions thereof. If the order of parole is revoked the prisoner shall serve the remainder of the sentence originally imposed without credit for the time spent in the community under parole supervision except that said Board may, in its discretion, grant credit for time spent in the community under parole supervision or for such part thereof as to the Board may seem just and fair under the circumstances. The Board may again parole the returned parolee if, in the opinion of the Board, he merits such consideration."

The procedure so approved by the Court of Appeals does not violate the Fourteenth Amendment. Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L. Ed. 1566. See also Jay v. Boyd, 351 U.S. 345, 76 S.Ct. 919, 100 L.Ed. 1242. Cases involving violation of probation or conditional pardon are analogous. Strickland v. United States, 4 Cir., 114 F.2d 556; Freedman v. Looney, 10 Cir., 210 F. 2d 56; Fleenor v. Hammond, 6 Cir., 116 F.2d 982, 132 A.L.R. 1241.

Petition for leave to file in forma pauperis is hereby granted; petition for issuance of the writ of habeas corpus is hereby denied.

The Clerk is instructed to send a copy of this order to the petitioner.