# DOWLING *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 36, October Term, 1956.]

*Decided November 30, 1956.*

Before Brune, C. J., and Collins, Henderson, Hammond and Prescott, JJ.

Collins, J., delivered the opinion of the Court.

This is an application by Howard Dowling, also known as Harry E. Dowling, for leave to appeal from the denial of a writ of *habeas corpus* by Judge S. Ralph Warnken of the Supreme Bench of Baltimore City.

Petitioner was convicted by Judge Michael Manley of the Criminal Court of Baltimore on three charges. In the first case, No. 3612 (1954), for unauthorized use of an automobile; in the second case, No. 4086 (1954), for unauthorized use of another automobile; and in the third case, No. 4087 (1954), with attempt to steal a third automobile. He was sentenced by Judge Manley to one year in the Maryland House of Correction in each of the three cases, sentences to run consecutively. The Attorney General advises this Court that petitioner escaped on November 15, 1954, and was returned on April 25, 1956. After being found guilty of escape in the Circuit Court for Anne Arundel County, he received a sentence of an additional year.

Petitioner contends that he was asked by Judge Manley if he had counsel and he told the judge that he could not afford counsel. He was twenty-three years of age. The Assistant State's Attorney stated to the trial judge that petitioner had been convicted of a previous crime. Petitioner denied this. He claimed he had only an eighth grade education, knew noth-

ing about criminal law, and had no previous experience in court. As to petitioner's contention about his lack of counsel, the Federal Constitution does not compel a state to furnish counsel as a matter of right. The lack of counsel in state non-capital trials denies Federal Constitutional protection only when the absence results in a denial to the accused of the essentials of justice. The traverser has the burden of showing that for want of counsel an ingredient of unfairness in the trial resulted in his confinement. *Truelove v. Warden,* 207 Md. 636, 638, 115 A. 2d 297.

The arraignment record shows the following: "MR. PRICE [Assistant State's Attorney]: This is a borderline case. He has had previous experience in the same thing. It is the alleged larceny of an automobile. He is twenty-three. THE COURT: Are you going to engage a lawyer? HARRY E. DOWLING: No. I don't think I need a lawyer. I can defend myself." Petitioner has not shown any unfairness in the trial, and the arraignment record shows that he told the court that he did not need a lawyer to defend him.

*Application denied, with costs.*