## MARVIN *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 50, October Term, 1956.]

*Decided February 7, 1957.*

Before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

PRESCOTT, J., delivered the opinion of the Court.

Samuel Marvin has applied to this Court for leave to appeal from the refusal of a writ of *habeas corpus* by Judge Smith in the Circuit Court for Baltimore County. The petitioner was charged in the Criminal Court of Baltimore with two offenses:

1. Unauthorized use of an automobile; and

2. Arson

He pleaded guilty to the unauthorized use charge and was sentenced to two years in the Maryland Penitentiary on March 18, 1954. On the same day, he pleaded not guilty to the arson charge; and upon his trial he was convicted and sentenced to four years in the Maryland Penitentiary by Judge Warnken. The two-year sentence for unauthorized use has been served.

He contends that he was denied counsel in his arson trial, as he requested legal assistance but was not granted it by the trial judge. He argues this was a denial of due process under the Federal Constitution and a violation of Article 21 of the Maryland Declaration of Rights.

The petitioner was twenty-six years of age at the time of his trial and Judge Smith stated when denying his petition for a writ of *habeas corpus,* "Your past history indicates familiarity with the courts and court procedure".

The Constitution of the United States does not require a State to furnish counsel for a defendant in a criminal prosecution as a matter of right. In non-capital cases, the lack of counsel violates Federal Constitutional procedure only when it results in prejudice to the accused in denying him the essentials of justice. The burden of proof of showing that the lack of counsel worked an unfairness upon him in his trial and resulted in his imprisonment is upon the petitioner. There is no attempt to meet this burden in the record. *Dowling v. Warden,* 211 Md. 645, 127 A. 2d 136; *Truelove v. Warden,* 207 Md. 636, 115 A. 2d 297.

Art. 21 of the Maryland Declaration of Rights does not require the appointment of counsel in a criminal case, but was

intended to do away with the rules which formerly prevented representation by counsel. *Raymond v. State,* 192 Md. 602, 607, 65 A. 2d 285.

*Application denied with costs.*