29 N.J. Super. 327 (1954)
102 A.2d 682
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FRANK POLLASTRELLI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 18, 1954.
Decided January 26, 1954.
*328 Before Judges EASTWOOD, JAYNE and FRANCIS.
Mr. William Reich argued the cause for appellant.
Mr. Frank H. Lawton, First Assistant Prosecutor, argued the cause for respondent (Mr. Mario H. Volpe, Mercer County Prosecutor).
The opinion of the court was delivered PER CURIAM.
The present appeal relates to the revocation of the probation previously granted to the defendant and the imposition upon him of the sentence of imprisonment.
On April 10, 1953 the defendant entered in the Mercer County Court a plea of non vult to an accusation alleging that on March 17, 1953 he unlawfully and knowingly had in his possession lottery slips contrary to the provisions of N.J.S. 2A:121-3(b). On May 22, 1953 he was sentenced to confinement in the New Jersey State Prison for a maximum term of three years and a minimum term of two and one-half years. The execution of the prison sentence was *329 suspended and the defendant was accorded probation for the period of five years and required to pay a fine of $1,000.
In announcing the sentence the judge in part remarked:
"Well, Mr. Pollastrelli, you are now forty-five years of age. You have spent the greater part of your life in making money the easy way, and not working for it; that is, laboriously.
You have had quite a lot of experience in penal institutions which apparently hasn't changed your outlook on life at all until perhaps recently."
Among the promulgated written rules governing the defendant's probation and forthwith delivered to him by the chief probation officer was the third, the part of which of present pertinency reads: "The probationer must keep away from evil associates * * *."
On September 1, 1953 the chief probation officer, doubtless motivated by the report of a trooper of the State Police, resolved that the defendant had violated the above-mentioned rule of his probation and caused a warrant to issue for the defendant's arrest. On September 11, 1953 notice was served upon the defendant of the time and place of a hearing before the judge of the Mercer County Court at which he would be charged with violating the terms of his probation, upon the accusation: "That you have associated with persons of disreputable or harmful character  namely, one James Christy, a known gambler." N.J.S. 2A:168-2.
A hearing was conducted before the judge at which the defendant was represented by able counsel; the testimony of witnesses and of the defendant was received and exhibits introduced. Upon a consideration of the evidence and its credibility, the judge resolved that the suspension of the prison sentence should be revoked and terminated. N.J.S. 2A:168-4. A conformable order was entered in the County Court on October 2, 1953, from which the defendant prosecutes the present appeal.
Obviously this appeal does not introduce the question whether probation is inherently a matter of clemency and grace and whether consequently the defendant possessed any constitutional right at all to a hearing. Vide, Ex parte *330 Dearo, 96 Cal. App.2d 141, 214 P.2d 585 (Calif. Dist. Ct. App. 1950), in which many decisions on that subject are collated; also, 59 Yale Law R. 1521 (1950); 24 So. Cal. Law R. 118 (1950-1951); 29 A.L.R.2d 1074.
Our statute necessitates a hearing, but in its nature a summary hearing. N.J.S. 2A:168-4; State v. Mungioli, 131 N.J.L. 52 (Sup. Ct. 1943); In re Haber, 132 N.J.L. 49 (Sup. Ct. 1944); State v. Pascal, 133 N.J.L. 528 (Sup. Ct. 1946); State v. Pascal, 1 N.J. 261 (1949).
It is not intimated that this defendant suffered any deprivation of due process in the proceeding to revoke his continued probation. He was accused of having during his probation associated with a person of disreputable and harmful character. The person was identified in the accusation as one James Christy who, the proof disclosed, had been convicted in 1936 of unlawfully possessing lottery tickets, in 1949 of atrocious assault and battery, and in 1953 of criminal contempt of court. There was evidence of the association. The judge did not believe the explanation of the defendant, nor do we.
The point predominantly emphasized on behalf of the defendant is that there was in the summary hearing an absence of legally competent evidence that Christy was at the time of the associations a "known gambler." The probationary obligation of the defendant was to "keep away from evil associates," (Rules, Exhibit S-4), and "to avoid places or persons of disreputable or harmful character," (N.J.S. 2A:168-2), whether such persons were known gamblers or convicts of other criminal offenses. The defendant acknowledged that he was aware of Christy's conviction of criminal contempt. Were not his previous associations with Christy circumstantially productive of a logical inference that he also knew of Christy's convictions for the criminal offenses of gambling and atrocious assault and battery? The defendant and Christy had been personal friends, and in the year 1953 the defendant resided for a period of six months in Christy's home with him. Proof of the violation beyond a reasonable doubt was not required.
*331 We regard the inquiry accorded to the defendant adequate in its range to conform with the requirements of the statute and conclude that the credible evidence with the inferences reasonably deducible therefrom was sufficient to justify the action of the trial judge in the exercise of the judicial discretion conferred upon him by the statute.
The order under review is affirmed.