53 N.J. Super. 431 (1959)
147 A.2d 584
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDWARD ZACHOWSKI (ALSO KNOWN AS EDWARD ZACKOWSKI), DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 29, 1958.
Decided January 13, 1959.
*435 Before Judges SCHETTINO, HALL and GAULKIN.
Mr. Edward Zachowski, appellant, pro se.
Mr. Stanley E. Rutkowski, Mercer County Prosecutor, attorney for respondent (Mr. John J. Barry, First Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by HALL, J.A.D.
Defendant appeals from the denial by the Mercer County Court of his motion to vacate a sentence imposed upon him. Execution of the sentence was originally suspended and he was placed on probation. The probation was subsequently revoked and execution of the sentence ordered. He claims the revocation was directed in violation of his constitutional rights and the sentence is therefore void.
In May 1952 defendant pleaded non vult to one count of an indictment in that court which charged him with receiving stolen goods. He had a long criminal record and was then on parole from his last sentence to the State Prison. After a plea for leniency by his attorney, the court imposed a sentence of not less than two nor more than three years in the State Prison, the execution of which was suspended, and placed defendant on probation for a three-year period. No special conditions of probation were specified (N.J.S. 2A:168-2). The judge said at the time that the disposition was perhaps against his better judgment and if "you are brought back here again for violation of probation of any sort you can't expect any consideration from this court at all."
On June 5, 1953 defendant pleaded guilty through his attorney to two accusations in the same court, one charging breaking and entering while armed, and the other, carrying a concealed firearm. Both crimes were committed in May of that year while he was on probation. At the time of sentence a week later before the same judge, his counsel, in urging as much consideration as possible, indicated complete familiarity with defendant's past record, including his *436 then present status, stating in effect that no reason could be suggested why he "would resort to doing this thing all over again, [staring] * * * in his face the possibility of going back to the institution from whence he came." The trial court (not the judge who had acted a year earlier) commented, before imposing sentence, on defendant's long record and that he was then on probation, matters obviously presented to the court by the probation department in its pre-sentence investigation report (N.J.S. 2A:168-4). He sentenced defendant to 2 1/2 to 3 years on the concealed weapon charge and 10 to 12 years on that for breaking and entering. The judge went on to say that the offenses constituted a violation of probation, which he thereupon revoked, and committed defendant to serve the sentence suspended in 1952. All three sentences were directed to run consecutively, and he is presently serving them. No objection or comment of any kind was made by defendant's counsel. It does not appear that defendant was given any advance notice of the proposed revocation of probation.
A few months later defendant sought to vacate the sentence on the concealed weapons charge by direct petition to this court. The application was dismissed in an unreported opinion (A-14-53). No contention was then made with respect to the revocation of probation.
The asserted basis of the instant motion, made more than four years later, is that the sentence activated upon the revocation is null and void because the revocation was had in violation of procedural due process. Defendant contends he was constitutionally entitled to have notice of the charge of violation of probation formally made by a filed document, to have the same read to him in open court, to plead thereto with appropriate advice from the court as to his rights and to a jury trial if the charge be denied. He further urges that on such a trial his guilty plea to the subsequent crimes could have no effect and the State must formally prove all the elements of the probation violation as a separate and distinct charge. The failure to follow this procedure here *437 is said to invalidate the action and the sentence. It is of significant note that he does not claim that the commission of further crimes while on probation does not constitute a violation thereof, that he had not in fact violated his probation, or that he had any defense or excuse whatever to offer to such a charge. Nor does he offer any explanation why he and his attorney were silent on the revocation determination on sentencing day.
It may appropriately be observed at this point that the motion was presumably made pursuant to R.R. 3:7-15(a), which has been construed as the mechanism to provide relief from a void sentence as well as to correct an illegal one. Manda v. State, 28 N.J. Super. 259 (App. Div. 1953). If defendant's contentions have any merit, relief would amount to vacation of the revocation and execution of sentence, a new hearing meeting procedural requisites, and, if violation of probation were thereby established, the execution of the original sentence or the imposition of any sentence which might originally have been imposed for the crime. N.J.S. 2A:168-4; In re White, 18 N.J. 449 (1955). In the instant case, a high misdemeanor (N.J.S. 2A:139-1), defendant could be resentenced to a maximum of seven years imprisonment prescribed for such offenses (N.J.S. 2A:85-6), instead of the two to three year term originally imposed and activated on this revocation.
There cannot be the slightest doubt, from a substantive standpoint, that, consonant with the theory and purpose of probation, commission of further crime while in that status is automatically a violation thereof and that every probationer must be held to know that even where specific conditions of probation may not have been prescribed. The former Supreme Court well expressed this fundamental in State v. Pascal, 133 N.J.L. 528 (Sup. Ct. 1946):
"An offender is placed on probation because a court considers that he may be reformed and is persuaded that probation in the particular case is not inimical to the well-being of society generally * * *. The very term `probation' connotes to the average mind an experiment or proving period; that the convicted person escapes the *438 more severe penalty of imprisonment on condition of future good behavior, especially during the probation term; and surely good behavior necessarily excludes a return to previous habits, conduct and the like which brought the probationer into a trial court to stand trial. Any normal person is chargeable with such knowledge." (133 N.J.L. at page 531.)
See also Adamo v. McCorkle, 13 N.J. 561, 563 (1953), certiorari denied 347 U.S. 928, 74 S.Ct. 531, 98 L.Ed. 1080 (1954).
To similar effect is the language in Whitehead v. United States, 155 F.2d 460 (6 Cir. 1946), a case factually similar to that at bar:
"It is, however, universal practice, everywhere understood, that the minimum requirement for the continuance of judicial grace is that the defendant shall not, during the probationary period, again commit a felony. This, every defendant undoubtedly understands when seeking or accepting probation. Without such condition the very term `probation' is meaningless, * * *." (155 F.2d at page 462.)
It is equally beyond question that, from the same standpoint, a plea of guilty or non vult to a subsequent offense while on probation is a conclusive admission and proof of violation. Whitehead v. United States, supra. Likewise, a conviction for another crime after trial is irrefutable evidence of breach of the inherent condition of the status. Cf. United States ex rel. Edelson v. Thompson, 175 F.2d 140 (2 Cir. 1949); Buhler v. Pescor, 63 F. Supp. 632 (D.C.W.D. Mo. 1945).
To revert to the precise procedural question before us, the matter of whether a constitutional right exists to a notice and hearing before revocation of probation, apart from any statute, is a subject on which there is not unanimity of judicial view in the various jurisdictions, state and federal. See comprehensive annotation, "Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon or probation," 29 A.L.R.2d 1074. The United States Supreme Court, considering the question as related to the federal court system, holds that there is no *439 such right (Escoe v. Zerbst, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566 (1935)), as do many states. A number of jurisdictions have reached the contrary conclusion. Fleenor v. Hammond, 116 F.2d 982, 132 A.L.R. 1241 (6 Cir. 1941), passing on state procedure in Kentucky, is an example.
In Escoe, Mr. Justice Cardozo said:
"* * * we do not accept the petitioner's contention that the privilege [of probation] has a basis in the Constitution, apart from any statute. Probation or suspension of sentence comes as an act of grace to one convicted of a crime, and may be coupled with such conditions in respect of its duration as Congress may impose. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266." (295 U.S. at page 492, 55 S.Ct. at page 819, 79 L.Ed. at page 1568)
While it has been cogently suggested that the United States Supreme Court view is the sounder (29 A.L.R.2d 1074, 1078) and New Jersey does not appear to have explicitly passed on the question, it is unnecessary for us to decide the point, since we have a statute dealing with the subject (not adverted to in defendant's brief) which sufficiently prescribes any basic requisites of procedural due process that may be considered to exist and is controlling. So we are not dealing essentially with a constitutional question as defendant urges, but with one of statutory construction and application. State v. Pollastrelli, 29 N.J. Super. 327 (App. Div. 1954); Escoe v. Zerbst, supra.
N.J.S. 2A:168-4 provides that, after the chief probation officer reports a violation of probation to the court, "Thereupon the court, after summary hearing, may continue or revoke the probation and the suspension of sentence, and may cause the sentence imposed to be executed or impose any sentence which might originally have been imposed." (Emphasis added) The real issue here is whether defendant received an adequate hearing under the circumstances within the meaning and intent of the statute.
By this requirement the Legislature did not intend to impose any particular form of procedure or the manner *440 of institution thereof. State v. Pascal, 1 N.J. 261 (1949). In considering the meaning and application of the statutory phrase in a particular case, sight must never be lost of the fundamental that a defendant's guilt has already been admitted or established; that he has been given an opportunity to reform with the hope that he will become a law-abiding member of society and avoid the necessity of incarceration; that his subsequent conduct is asserted to have been such that this treatment of him has not succeeded and is no longer indicated or desirable from his own standpoint or that of society; and that the court is then concerned, in the exercise of its legal discretion, with the matter of whether he has proven himself unworthy of further freedom on probation, and if so, of redetermination of the punishment for the original offense in the light of the circumstances. State v. Pascal, 133 N.J.L. 528 (Sup. Ct. 1946); cf. State v. Pollastrelli, supra. Clearly, there is no right to or place for a formal indictment or presentment of charges or trial with or without a jury in the strict sense. Our own State has specifically so held (State v. Pascal, supra), and the decisions elsewhere are unanimous to the same effect, whether the jurisdiction be one which finds notice and hearing to be constitutionally required (Fleenor v. Hammond, supra) or not (Escoe v. Zerbst, supra).
The essential meaning of what is required by our statute to constitute an equivalent "summary hearing" must be derived from the concept of fair play  fair treatment of the defendant at this stage so he will not be made the victim of whim and caprice. Cf. Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266, 270 (1932). Such is the rationale of the cases in this State which have previously considered the question of the necessary scope of such a hearing. State v. Haber, 132 N.J.L. 507, 512 (Sup. Ct. 1945); State v. Moretti, 50 N.J. Super. 223, 233 (App. Div. 1958).
The nature of the hearing and the procedure required, therefore, should and will vary to meet the circumstances of the particular occasion. To quote Mr. Justice Cardozo once *441 again in the Escoe case, where he was treating the legally analogous requirement of the then federal probation statute (18 U.S.C. § 725) requiring that an alleged probation violator "shall forthwith be taken before the court":
"Clearly the end and aim of an appearance before the court must be to enable an accused probationer to explain away the accusation. The charge against him may have been inspired by rumor or mistake or even downright malice. He shall have a chance to say his say before the word of his pursuers is received to his undoing. This does not mean that he may insist upon a trial in any strict or formal sense * * *. It does mean that there shall be an inquiry so fitted in its range to the needs of the occasion as to justify the conclusion that discretion has not been abused by the failure of the inquisitor to carry the probe deeper." (295 U.S. at page 493, 55 S.Ct. at page 820, 79 L.Ed. at page 1569)
The kind of a hearing adequate to meet the requisites of fair play and our statute will be one thing when the probationer is charged with violation by behavior not in itself necessarily criminal at all or, at least, not yet established to be such by admission or conviction, and quite another when he has admitted his guilt or been convicted of a subsequent crime. While in each case a hearing is required, in the former fair treatment requires that he be given sufficient advance notice of the exact violation charged, that such be established at the hearing by some proof, and that he have the right to defend and be represented by counsel, to cross-examine witnesses and, if he chooses, to present himself and other witnesses in opposition  all in order that the judge's discretion may be properly and not arbitrarily exercised. If a violator in such a situation does not receive that kind of a hearing, he has not had fair treatment. The broad comments concerning due process in Haber and Moretti, where such states of fact were involved, must be interpreted to refer only to breach of the fair play concept under the particular circumstances and therefore an inadequate hearing within the statutory intent.
However, as we have said, where a defendant has pleaded guilty or non vult or has been convicted of a crime while on probation, there is no question but that he has *442 thereby conclusively established the violation. As the court said in the same circumstances in Whitehead v. United States, supra (155 F.2d at page 462): "He had had his say" by his plea. The only thing left is for the judge to record the matter formally and determine what he should do as a result. Such are the only pertinent and necessary subjects of the hearing. The appropriate and entirely proper occasion to do this is at the time of sentence for the current crime. There is no requirement in cases like this one to give the defendant any written notice in advance that formal revocation of his probation and resentence would be dealt with at that time, but we suggest that it is desirable.
So we find there was an entirely adequate hearing in the instant case. As we have pointed out, it is apparent that defendant and his counsel were fully acquainted with the situation and with what was to be dealt with on the occasion. They had full opportunity to speak. The attorney's plea for leniency was obviously directed not only to the sentence on the current crimes but to the treatment of the violation of probation as well. He said all that could be said for one in the position in which this defendant found himself by his own acts.
Defendant further complains that the County Court denied his present motion without a hearing. The facts were incontrovertibly established by the official records as well as being personally known to the judge, he having received the plea to the subsequent offenses, revoked the probation and pronounced the resentence. Only a question of law was involved and defendant's argument thereon was fully presented in his motion brief. Under such circumstances there was no necessity to hold a hearing (or to assign counsel as defendant requested) and the motion was properly disposed of on the face of the papers. Janiec v. McCorkle, 52 N.J. Super. 1, 22-23 (App. Div. 1958); cf. In re Caruso, 10 N.J. 184, 190 (1952); State v. Raicich, 30 N.J. Super. 316 (App. Div. 1954).
The order denying the motion is affirmed.