■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS J. RILEY, Appellant.— After the jurors had deliberated throughout the afternoon and until late in the evening the trial court caused them to be returned to the courtroom and addressed them as follows: "Now, ladies and gentlemen I gather from the fact that we haven't heard from you, that you are having some difficulty in returning a decision. As I told you in my instructions to the jury it is the duty of the jury to reach a verdict if that be possible without violation of conscientious convictions of one sort or another. Now, I can see no reason why this jury of intelligent men and women cannot reach a verdict in this case. I have no intention of attempting to drive you to a verdict, but I want to advise you that I have every intention at the present time, unless something happens to change my mind to have you sent to a hotel for the evening and to resume your deliberations in the morning if that is necessary. Before doing that, however, I would like to give you a short while longer in the hope that possibly you can reach a verdict tonight. If we do not hear from you in a reasonably short time I will have a deputy take some paper up to your room so that you may indicate your name and address, and certain simple items of clothing and things that will make you more comfortable for the night and the sheriff will pick them up and take them to the hotel that is selected to keep you while you are further deliberating. So with that understanding I would ask you to return at this time and resume your deliberations." The trial court's remarks to the jury were coercive, within the holding of *People* v. *Josey* (19 A D 2d 660), in which the instructions and remarks were similar in substance and purport to those in the record before us; and, quite obviously, the persuasion was rendered even more effective by the court's act in sending an officer to the juryroom,

very soon after deliberations had been resumed, to obtain the jurors' addresses, following which, as the jurors were advised, officers were to procure from the jurors' respective homes, well after midnight, such effects as they would require for an overnight stay at a hotel. Although agreement had not been arrived at after many hours of deliberation, a verdict was reached within five minutes after the officer came to the juryroom. The errors in displaying and discussing the screwdriver, which the prosecutor knew could not be identified so as to be received in evidence, should not be repeated on the retrial. Judgment reversed, on the law and the facts, and a new trial granted. Bergan, P. J., Gibson, Herlihy and Taylor, JJ., concur; Reynolds, J., dissents and votes to affirm. Reynolds, J. (dissenting). I find no coersion as in *People* v. *Josey* (19 A D 2d 660). It is discretionary with the Trial Judge whether a jury is kept overnight and the handling thereof.