97 N.J. Super. 35 (1967)
234 A.2d 240
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
WILLIE LOUIS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 11, 1967.
Decided September 29, 1967.
*37 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Paul H. Greenberg, assigned counsel, argued the cause for appellant.
Mr. Barry H. Evenchick, Assistant Prosecutor, argued the cause for respondent (Mr. Brendan T. Byrne, Prosecutor of Essex County, attorney).
The opinion of the court was delivered by LABRECQUE, J.A.D.
Defendant appeals from a judgment revoking his previous probation and sentencing him to the State Prison.
*38 On March 17, 1964 defendant pleaded guilty to a charge of atrocious assault and battery. He was sentenced by then Essex County Judge Crane to 12 months in the Essex County Penitentiary but the sentence was suspended and he was placed on probation for a period of three years on condition that he participate in the alcoholic rehabilitation program of the Essex County Probation Department. In imposing sentence the court cautioned him:
"The Essex County Probation Department has an alcoholic rehabilitation program. It is a special condition of this probation that you cannot drink any intoxicating beverages. You cannot have a cocktail at night. You are not to frequent any taverns. You are not supposed to drink anything, not even beer. * * *"
And further:
"If you don't do this, you will be brought back here for a hearing on violation of probation and chances are that I will have to send you to the penitentiary to serve this time." (Emphasis added)
Defendant affirmatively indicated that he understood the conditions imposed.
On May 23, 1966, while a prisoner in the Essex County jail, defendant received notice that he was charged with violation of the conditions of his probation based upon the following:
(1) His arrest on May 9, 1966 for assault and battery on his wife, subsequent guilty plea in the Newark Municipal Court, 60-day suspended sentence and two years probation.
(2) His appearance on May 16, 1966 in the Newark Municipal Court where he was found guilty of vandalism and received a 30-day suspended sentence.
(3) His failure to report to his probation officer since December 8, 1965.
(4) His departure from the VA hospital in Lyons, N.J. in January 1966 without permission of his probation officer and against the advice of medical authorities.
The letter informed him that a hearing thereon would be held before County Court Judge Barrett and that "you may *39 be represented by Counsel at such hearing if you desire," but did not state the date of the hearing.
On the following day defendant was brought before Judge Barrett. He made no request of Judge Barrett for counsel and was not told that counsel would be furnished if he was unable to afford one. He sought to explain the cited violations on the basis of discord between himself and his wife, alcohol and his physical and mental condition. There was a prior history of alcoholism, and a Veterans Administration report indicated that in November 1965, after defendant had assaulted his wife, he had been given the choice of jail or the VA hospital, and had chosen the latter.
The trial judge construed defendant's attempted explanations of his conduct as amounting to a plea of guilty to violation of items (1), (2) and (3) above. He thereupon revoked the previous sentence of 12 months in the Essex County Penitentiary imposed by Judge Crane and resentenced defendant to from three to five years in State Prison.
Two issues are presented by the present appeal:
(1) Should the proceedings on revocation of probation have been heard by the original sentencing judge, and
(2) Should defendant have been represented by counsel on the hearing on revocation of his probation, or at his resentencing.
We hold that the issue of whether defendant had violated the terms of his probation was properly heard by Judge Barrett. N.J.S. 2A:168-4, after setting forth the procedure for bringing an alleged probation violator before the court, provides:
"Thereupon the court, after summary hearing, may continue or revoke the probation and the suspension of sentence, and may cause the sentence imposed to be executed or impose any sentence which might originally have been imposed. If the trial judge dies or goes out of office all of his powers and duties under this section shall be exercised by his successor in office, or by any other judge of the trial court, as fully as if duly exercised by the trial judge and as if the trial judge were in office at the time of such action, and all such action shall be as valid and effectual as if such action were duly taken by the trial judge and he were in office at the time thereof." *40 We take judicial notice that Judge Crane was appointed to the Superior Court after his sentencing of defendant. On January 10, 1966 he was assigned to the Law Division, Passaic County, which assignment continued beyond the date of May 24, 1966, the date defendant was sentenced by Judge Barrett. It therefore becomes unnecessary to determine whether the latter would have been precluded from hearing the matter had Judge Crane still been serving in the Essex County Court.
As noted, where there is a revocation of probation the court may impose a sentence greater than that initially suspended so long as the new sentence does not exceed that which could originally have been imposed (here seven years, N.J.S. 2A:90-1; N.J.S. 2A:85-6). In re White, 18 N.J. 449, 452-455 (1955); State v. Driesse, 95 N.J. Super. 491, 494 (App. Div. 1967). Defendant urges that both by rule of court and by constitutional mandate he was entitled to representation at the summary revocation hearing before Judge Barrett and at the time of his resentencing.
We are satisfied and hold that defendant was entitled to counsel at the time of his resentencing. Under our rules the right of a defendant to have the assistance of counsel in his defense embraces the right to counsel at his sentencing. State v. Jenkins, 32 N.J. 109, 112 (1960). While the decision in Jenkins involved the original sentencing of defendant, considerations of fair play do not support any distinction of substance between an original sentencing and a resentencing where the trial judge is free to set aside the prior sentence and impose a harsher one. In State v. Laird, 85 N.J. Super. 170 (App. Div. 1964), in vacating a sentence and remanding the case for resentencing, we held that defendant was entitled to counsel. Unless defendant here waived his right to counsel, it was error to proceed with resentencing until he was represented.
There is no finding that there was a waiver of counsel and we find no basis which would support such a finding. Defendant's situation clearly bespoke indigency. Yet the *41 notice which he received the day before did not apprise him that counsel would be assigned to him if he could not afford one, nor was he so advised at the hearing. A waiver must be intelligent and voluntary. In the absence of proof of his knowledge of his right to free counsel he cannot be said to have waived it. The notice he received the day before the hearing did not afford him such knowledge nor did it allow him adequate time to engage counsel of his own if he so wished.
We are further convinced that defendant was prejudiced by the absence of counsel. The imposition of sentence required a careful appraisal of his past record and of the facts which had brought his case to the court's attention anew. He had admittedly been suffering from a drinking problem, assaultive tendencies and fairly serious psychological disturbances from the time of his discharge from the Navy in 1960. A rating report by the Veterans Administration staff deemed him disabled for benefits to the extent of from 70% to 100% at various times between April 1, 1960 and January 25, 1966. As of the latter date his condition was diagnosed in the VA report as "schizophrenic reaction, paranoid type," and he was discharged from the VA hospital with the caution that he was in need of psychiatric care and should obtain it as soon as he left the hospital. So far as the record indicates, he failed to do so. Actually, each of the offenses which were the basis of the court's revocation of his probation could have been found to be related to his condition as revealed in the VA reports. Defendant needed counsel to marshal these considerations so as most effectively to appeal to the court's discretion in favor of moderation in resentencing.
However, the aforementioned facts do not compel the conclusion that defendant should have been represented by counsel at the hearing to determine whether he had been guilty of violation of his probation. The statute, N.J.S. 2A:168-4, provides for a "summary hearing" in such cases. In State v. *42 Zachowski, 53 N.J. Super. 431 (App. Div. 1959) it was held:
"The kind of a hearing adequate to meet the requisites of fair play and our statute will be one thing when the probationer is charged with violation by behavior not in itself necessarily criminal at all or, at least, not yet established to be such by admission or conviction, and quite another when he has admitted his guilt or been convicted of a subsequent crime. While in each case a hearing is required, in the former fair treatment requires that he be given sufficient advance notice of the exact violation charged, that such be established at the hearing by some proof, and that he have the right to defend and be represented by counsel, to cross-examine witnesses and, if he chooses, to present himself and other witnesses in opposition  all in order that the judge's discretion may be properly and not arbitrarily exercised. If a violator in such a situation does not receive that kind of a hearing, he has not had fair treatment. * * *
However, as we have said, where a defendant has pleaded guilty or non vult or has been convicted of a crime while on probation, there is no question but that he has thereby conclusively established the violation. As the court said in the same circumstances in Whitehead v. United States, supra ([6 Cir.] 155 F.2d [460] at page 462): `He had had his say' by his plea. The only thing left is for the judge to record the matter formally and determine what he should do as a result. Such are the only pertinent and necessary subjects of the hearing. * * *" (Emphasis added.) (at pp. 441-442).
The conditions of defendant's probation required, inter alia, that he observe all laws of the State. His subsequent plea of guilty to assault and battery on his wife involved an act which was criminal in nature, thereby conclusivley establishing that he had violated the terms of his probation. State v. Zachowski, supra, pp. 441-442. Whether or not he had violated probation in the other respects charged, all that remained thereafter was for the court at sentencing to determine the penalty, if any, to be imposed. This could take the form of a suspended sentence and continuation of probation or revocation of probation and imposition of the old or a new sentence. N.J.S. 2A:168-4. At such sentencing defendant would be represented by counsel and be afforded an opportunity to be heard on any issue bearing upon his resentencing  including his guilt or innocence of the additional grounds charged as constituting violation of his parole.
*43 The order revoking defendant's probation and resentencing him to State Prison is reversed and the case is remanded for a hearing on resentencing, defendant to be represented there-at by assigned counsel.