William ACEVEDA, Appellant,

v.

STATE of Alaska, Appellee.

No. 2900.

Supreme Court of Alaska.

Dec. 2, 1977.

Walter L. Carpeneti, and Richard Yospin, Asst. Public Defenders, Juneau, and Brian Shortell, Public Defender, Anchorage, for appellant.

Larry R. Weeks, Dist. Atty., and Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

## OPINION

CONNOR, Justice.

On May 29, 1974, defendant William Aceveda pled guilty to one charge of selling the drug LSD. The superior court suspended imposition of sentence and placed Aceveda on probation for three years on the condition that he violate no laws relating to illegal use, possession, or sale of drugs; that he not commit any violations of laws which might be felonies; that he conduct himself as a citizen of good moral character; and that he pay into the registry of the court a fine of $250 within three months.

Defendant violated the conditions of his suspended imposition of sentence. While on probation, Aceveda was convicted upon his plea of guilty to the following six offenses:

1. Possession of hallucinogenic, stimulant or depressant drugs, on August 29, 1974;

2. Unauthorized entry, on April 9, 1974;

3. Joyriding, on April 9, 1975;

4. Possession of hallucinogenic, stimulant or depressant drugs, on April 9, 1975;

5. Escape from custody, on June 12, 1975;

6. Possession of hallucinogenic, stimulant or depressant drugs, on June 12, 1975. Defendant also failed to pay the $250 fine as required by his probation conditions.

A petition to impose sentence was filed on October 23, 1975, alleging that defendant had violated the terms of his probation, citing the offenses listed above. At a hearing on the petition, defendant also admitted to the commission of two other offenses, namely, receiving stolen property on August 21, 1975, and selling marijuana, on February 8, 1975. On December 24, 1975, the court ordered Aceveda to undergo a presentence psychiatric evaluation at the Alaska Psychiatric Institute. The psychiatric report and discharge summary by Dr. Olivier were then introduced at the hearing on the petition to impose sentence, held on March 3, 1976. Although the report indicated that Aceveda suffered from a severe mental disorder, "chronic undifferentiated schizophrenia with hebephrenic features," upon admission, Dr. Olivier noted in the discharge summary that the psychosis had remitted to a substantial degree and defendant was competent to proceed with the revocation hearing. Defense counsel did not raise the question of incapacity at the hearing because he believed that insanity is not a defense to a probation revocation proceeding in the State of Alaska. However, defense counsel did ask that the court consider defendant's mental condition and place him in a psychiatric institution rather than a prison. The court imposed a sentence of three years to serve on the original charge of selling LSD but strongly recommended that the defendant receive drug counseling and be considered for a Family House treatment type of program.[1]

Counsel for defendant then moved to suspend or reduce sentence, requesting in particular that defendant be placed in a psychiatric institution. A hearing was held on May 19, 1976, and additional testimony was heard including that of a former probation officer, who had participated in the earlier sentencing hearing, and of an employee of the Division of Mental Health. After taking the matter under advisement, the court denied the motion on September 28, 1976, finding that Aceveda had apparently been receiving psychiatric care or treatment under the sentence as imposed. This appeal followed.

The first point on appeal is that the superior court erred in failing to consider or give proper weight to the evidence of the defendant's mental condition at the time of sentencing.

Our review of the record reveals that the court was fully apprised of defendant's mental condition at the time of sentencing, as were counsel, and that the court considered it in imposing sentence initially and again at the hearing to reduce the sentence. Because the point is without any support in the record, we find it devoid of merit.

Appellant next asks that we reconsider our decision in *Trumbly v. State*, 515 P.2d 707 (Alaska 1973). He urges that to the extent that the *Trumbly* case may be read to say that the defense of insanity is irrelevant to a probation revocation proceeding, that decision, and the reliance on it by the superior court, violated the provisions of AS 12.45.100(b). That statute concerns the determination of mental disease or defect during any period of probation.[2]

■ We need not reach the question presented as it is not properly before us. First, in proceedings separate from the probation revocation hearing, Aceveda pled guilty to six criminal offenses. Such con-

---

1. This is a program for the rehabilitation of heroin addicts which is not part of the Division of Corrections.

2. AS 12.45.100(b) provides as follows:

   "When, after arrest and before the imposition of sentence or before the expiration of any period of probation, the attorney general, the district attorney, or the attorney for the accused has reasonable cause to believe that a person charged with an offense may be presently suffering mental disease or defect or is otherwise so mentally incompetent that he is unable to understand the proceedings against him or properly to assist in his own defense, he may file a motion for a judicial determination of the mental competency of the accused. . . ."

victions are res judicata for purposes of their use in the collateral non-criminal probation revocation hearing and form a solid basis for probation revocation. A plea of guilty is generally regarded as a waiver of all non-jurisdictional defects in a case. *Cooksey v. State*, 524 P.2d 1251, 1255 (Alaska 1974). Accordingly, any incapacity defenses which might have been raised against the six charges were unavailable in the hearing on the petition to impose sentence. Second, at the sentencing hearing defense counsel noted that he had considered raising an incapacity argument to the prior admissions at the probation revocation proceeding but had rejected the contention as untenable because Alaska law did not permit an insanity defense to probation revocation. Thus, the issue was not raised in the court below. Third, at the probation revocation hearing and with advice of counsel, he admitted to two additional crimes. No question was raised about Aceveda's ability to understand the proceedings against him or to properly assist in his own defense. Nor did he assert his inability to understand the probation revocation hearing. On this state of the record we have no reason to reconsider our *Trumbly* decision. Accordingly, we find that there was no error.

■ Appellant next claims that the sentence of three years imprisonment was excessive. Our review of the information before the superior court, and the nature of the probation violations (eight separate criminal offenses, some of them felonies), in light of the criteria of *State v. Chaney*, 477 P.2d 441 (Alaska 1970), leads us to the conclusion that in imposing sentence, the superior court was not clearly mistaken.

The superior court judge should be commended for his thoroughness and patience, and for the thoughtful manner in which he fashioned the sentence to fit both the needs of society and the individual characteristics of this offender.

AFFIRMED.