168 N.J. Super. 394 (1979)
403 A.2d 49
STATE OF NEW JERSEY,
v.
PHILIP V. SERIO, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided May 9, 1979.
*396 Mr. Seymour Goldstaub for defendant.
Mr. Brian J. Neary, Assistant Prosecutor, for the State. (Mr. Roger W. Breslin, Prosecutor of Bergen County, attorney).
SCHIAFFO, J.S.C.
Defendant Philip V. Serio is before this court on a charge of violating the terms and conditions of probation. He had been placed on probation on September 22, 1978 when he was sentenced to 364 days in the Bergen County Jail for an attempted break and entry to which he had previously pleaded guilty.
During his period of probation defendant was indicted for breaking and entering; arrested on a charge of theft of an automobile (December 12, 1978) and arrested on charges of possession of a controlled dangerous substance (February 10, 1979). Defendant has been unable to post bail and is presently in the Bergen County Jail awaiting disposition of these new charges.
On the basis of the above indictment and arrests the Chief Probation Officer of Bergen County charged defendant with violation of probation. There are no charges by the probation officer that the probationer failed to comply with any other terms and conditions of probation.
The precise question before this court is whether an individual on probation can have his probation revoked because he has been indicted or arrested during the period of probation. This is not a situation where a probationer has been convicted of a crime or pleaded guilty to a crime while on probation. In that circumstance the violation of probation is conclusively presumed. State v. Zachowski, 53 N.J. Super. 431 (App. Div. 1959). Nor is this a situation where an individual is charged with a crime and acquitted before revocation. See 76 A.L.R.3d 564, 568.
*397 Violations of probation are presently governed by N.J.S.A. 2A:168-4. The relevant portion of that statute provides that a chief probation officer may request that a probationer be arrested for violating any of the conditions of his probation. The statute also requires:
* * * a commitment by such probation officer setting forth that the probationer has, in his judgment, violated the conditions of his probation shall be sufficient warrant for the detention of such probationer * * * until he can be brought before the court. Such probation officer shall forthwith report such arrest or detention to the court and submit to the court a report showing the manner in which the probationer violated his probation.
This portion of the statutory requirements has been complied with fully in this matter. The probation officer sets forth as his reasons the subsequent indictment and arrests.
Pursuant to N.J.S.A. 2A:168-4 the court is required to hold a "summary hearing," after which the court
* * * may continue or revoke the probation and the suspension of sentence, and may cause the sentence imposed to be executed or impose any sentence which might originally have been imposed.
Before the court holds that "summary hearing" it must determine if the charges do, in fact, arise to the level of being probation violations. To determine this it is necessary to first look at the purpose of probation.
When a court places an offender on probation it is doing so because it believes that confinement is not necessary to insure the protection of or to serve the needs of society or defendant. In State v. Pascal, 133 N.J.L. 528 (Sup.Ct. 1946), aff'd 1 N.J. 261 (1949), the court recognized that
An offender is placed on probation because a court considers that he may be reformed and is persuaded that probation in the particular case is not inimical to the well-being of society generally. The very term `probation' connotes to the average mind an experiment or proving period; that the convicted person escapes the more severe penalty of imprisonment on condition of future good behavior especially *398 during the probation term; and surely good behavior necessarily excludes a return to previous habits, conduct and the like which brought probationer into trial court to stand trial. Any normal person is chargeable with such knowledge. [at 531, emphasis supplied; citations omitted]
It is this return to the previous conduct that brought the probationer before the court in the first place that is of concern here. The subsequent arrests and indictment of Philip V. Serio bring forth the question of whether probation was appropriate in the first place. However, it must be determined if the arrests and indictment are sufficient enough to find that the probationer did violate his probation.
By being placed on probation upon a suspended sentence the probationer is granted the privilege of not being incarcerated. Several New Jersey cases have held that if the probationer "fails to meet the test or chance of freedom by good behavior during his probationary period," the trial court is free to commit the probationer to prison. In re White, 18 N.J. 449, 455 (1955); See State v. McCain, 150 N.J. Super. 497, 499 (App. Div. 1977).
Under the present New Jersey statute and case law "good behavior" has not been clearly defined. It is not clear whether "good behavior" means free from any criminal conviction, or free from any arrests, charges and indictments. The cases in New Jersey that have addressed the issue appear to conclude that being arrested or indicted on charges similar to the one for which he received the probation he is charged with violating, may evidence lack of good behavior. State v. Pascal, supra; State v. Wasserman, 75 N.J. Super. 480 (App. Div. 1962) aff'd 39 N.J. 516 (1963); See 58 A.L.R.3d 1156, 1162.
The correct issue in determining the absence of good behavior under present New Jersey law is not merely that a probationer was charged with a crime, or that he was, in fact, convicted but that the court believes that the probationer committed a crime. See, State v. Wasserman, supra; accord, United States v. Webster, 161 U.S. App. D.C. 1, 4, *399 492 F.2d 1048, 1051 (1974). The subsequent arrest and/or indictment and their surrounding circumstances as brought forth at the hearing must convince the court that probation has not succeeded in the case of the probationer then before the court.[1] See, In re White, supra 18 N.J. at 455; See, State v. Zachowski, supra 53 N.J. Super. at 440.
The determination of whether probation should be revoked may only be made after the full summary hearing that is called for by N.J.S.A. 2A:168-4. State v. Wasserman and State v. Zachowski, both supra. The court is mindful that the basic form of procedure required for such a hearing would be notice and the opportunity to rebut the charge. State v. Zachowski. The minimum safeguards required as a matter of due process would also be in effect. They are set forth in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973):
* * * "(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation or] parole." [at 786, 93 S.Ct. at 1761-1762 quoting from Morrissey v. Brewer, 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).] See also, State v. Johnson, 133 N.J. Super. 457 (App. Div. 1975), recognizing that Gagnon must be followed in this State.
The New Jersey Code of Criminal Justice, Title 2C, which goes into effect September 1, 1979, clarifies the issue of *400 whether a conviction or belief by the court that the probationer committed the crime is necessary to find a violation of probation.
N.J.S.A. 2C:45-3 provides in part that
a. At any time before the discharge of the defendantAt any time before the discharge of the defendant or the termination of the period of suspension or probation:
* * * * * * * *
(4) The court, if satisfied that the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order or if he has been convicted of another offense, may revoke the suspension or probation and sentence or resentence the defendant, as provided in this section. [Emphasis supplied]
The insertion of the requirement that a defendant must be convicted of another offense before revocation of probation does not provide a complete answer to the question of whether the key determinant is (1) did defendant commit a crime, or (2) was he convicted of a crime while on probation? Subsection (4) of the new code section also provides that the court must be satisfied that the defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition."
The addition of the language about conviction in the new code does not change the present New Jersey law. If the defendant is convicted of a subsequent crime the state of the law today is such that a violation of probation is conclusively presumed. State v. Zachowski, supra 53 N.J. Super. at 442. The New Jersey Code of Criminal Justice at 2C:45-3 (a) (4), only codifies that common law rule. The statute still leaves room for the court's discretionary judgement as to whether the probationer continues to be worthy of the probationary term imposed.
The new code does, however, significantly modify existing law with its provisions concerning the penalties available to the court if a revocation of probation is found. As set forth in 2C:45-3(b):

*401 b. When the court revokes a suspension or probation, it may impose on the defendant any sentence that might have been imposed originally for the offense of which he was convicted, except that the defendant shall not be sentenced to imprisonment unless:
(1) He has been convicted of another offense; or
(2) The facts supporting the revocation indicate that his continued liberty involves excessive risk that he will commit another offense.
Of particular note to this court is the Commentary to 2C:45-3 in the 2 Final Report of the New Jersey Law Revision Commission (Oct. 1971).[2] which at 347, acknowledges that
Theoretically, at least, a charge that the probationer has been guilty of a crime can be tried informally by the probation court upon the revocation issue, as a violation of condition; practically, if the charge is serious, it is more likely that the probation court will hold its action in abeyance pending an adjudication of the formal criminal proceeding. We think the latter practice preferable and the Code is framed accordingly, since it is the conviction of another crime rather than the fact of its commission that is made the basis for the revocation. The defendant's procedural rights are thus fully preserved.
While we do not think that charges of a fresh offense ought to be tried informally in the probation court, we recognize that there may be objections to continuing the defendant at liberty and on probation pending the adjudication of the charge. Hence, even though the new offense is bailable, the Code empowers the probation court to commit the defendant without bail temporarily suspending the probation, in effect, until the issue is determined in the normal course.

It may be the case that, quite apart from the commission of a new offense, the conduct of the probationer that gives rise to the criminal charge involves an incidental violation of the conditions of the probation. In that event, we see no reason why the probation court should be required to defer its action. If it does, it may proceed thereafter even though the defendant is acquitted of the charges of crime. [Emphasis supplied]
*402 The procedure suggested by the Law Revision Commission in its Commentary appears to be the most viable solution to resolve the question of whether defendant Serio has violated the condition of his probation. There appears to be indications that probation will not succeed in his situation. However, he has not been convicted of a subsequent crime, nor is it clear to the court that his continued liberty involves an excessive risk that he will commit another offense in that he is presently in the Bergen County Jail awaiting disposition of the charges pending against him.
Therefore, it is ordered that the probation of Philip V. Serio is temporarily suspended and that he be committed to the Bergen County Jail until the criminal charges now pending against him are disposed of. At such time that the charges are disposed of, it is further ordered that a full hearing with all of the safeguards set forth in Gagnon v. Scarpelli, supra, shall be held by this court to determine if the suspended sentence and probation of Philip V. Serio should be revoked.
Submit an appropriate order.
NOTES
[1] Proof beyond a reasonable doubt is not needed to find a violation or probation. The trial judge is only required to have had reasons to believe the violation charges were true in order to justify the revocation. State v. Wasserman, supra 75 N.J. Super. at 485; State v. Moretti, 50 N.J. Super. 223, 237 (App. Div. 1958).
[2] The final draft of the Criminal Law Revision Commission is substantially similar to that enacted by the Legislature in the form of 2C:45-3.