**Kelly CARSON, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 87–201.**

Supreme Court of Wyoming.

March 25, 1988.

Julie D. Naylor, Appellate Counsel, Public Defender Program, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and Paul S. Rehurek, Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

Kelly Carson, convicted of auto burglary, appeals from the trial court's closing-argument rejection of his use of a nonintroduced prop as demonstrative evidence. We affirm the discretionary decision of the trial court in denial of the demonstration which was to be a visibility test of the cord on a radar detector.[1] In essence, this is a sufficiency-of-the-evidence jury verdict with denied strategy of defense counsel directly presented as the appeal issue.

On November 21, 1986, Ms. Cindy Pater parked her Trans Am vehicle near the Wonder Bar in Casper, and someone thereafter, during the course of the evening, broke the passenger-side window of the vehicle and "offed and awayed" with a Cobra radar detector. At issue was the perpetrator's identity, with the evidence in conflict by eyewitness identification at the scene and countervailing alibi defense of the defendant's attendance at a north Casper trailer court birthday party for himself.[2] The eye-

---

1. This case is conjunctive to *Carson v. State,* Wyo., 751 P.2d 1317 (1988) as this conviction precipitated the probation revocation in the other appeal.

2. Among other testimony, it was related that Carson passed out from drinking at the party at about 10:00 p.m. This, in itself, would have been in violation of his probationary status under the State Department of Probation and Parole rules and regulations. The record, in itself, is interesting in that in response to the notice of

demand of alibi filed by the prosecuting attorney, defendant first advised:

"Defendant further states that he will pursue a defense of alibi in accordance with Rule 16.1 of Wyoming Rules of Criminal Procedure and hereby notifies the state that the Defendant was at the Wonder Bar located at 256 South Center, during that period of time in the presence of Tim Lattea, address unknown, but who works at Ed's Auto Wrecking, at 5600 Hanley, Mountain View, Wyoming, and in the

witness, Hartman, was an acquaintance of Carson and testified that while he was walking from an adjacent parking garage on an errand for the Wonder Bar, he heard glass break and saw an individual, whom he identified as Carson by personal acquaintanceship, lean into the car and remove a black box with attached cord. The two individuals were established by trial testimony to be anything other than friends.

The theory of defense, in addition to alibi, was vested in impeachment of Hartman. Carson did not testify.

As appellant sets the stage:

"In closing argument the defense attorney tried to use a radar detector similar to the one allegedly stolen to demonstrate that the cord cannot be seen at a distance of 50 to 60 yards. This would have contradicted Mr. Hartman's testimony. An objection was made stating that counsel cannot use objects for examples that are not exhibits in evidence. * * *

"The objection was sustained."

■ The problem advanced for us in our review of this claimed improvidently exercised discretion of the trial court, is that the prop had not been identified or introduced prior to final argument and the record affords no basis for either the trial court or this tribunal to establish similarity. The lost Cobra was not available in evidence, and whether similar or dissimilar to the device presented by counsel in final argument is not established. We cannot accept as either a principle of law or established fact that if you have seen or cannot see one you have seen them all.

This court has clearly established that control of final argument is vested in sound discretion of the trial court, and, in this case, certainly nothing defines abused discretion. *Mayer v. State*, Wyo., 618 P.2d 127 (1980); *Oldham v. State*, Wyo., 534 P.2d 107 (1975); *Boyd v. State*, Wyo., 528 P.2d 287 (1974), *cert. denied* 423 U.S. 871, 96 S.Ct. 137, 46 L.Ed.2d 102 (1975); *State v. Ahlo*, 2 Hawaii App. 462, 634 P.2d 421 (1981), *cert. denied* 456 U.S. 981, 102 S.Ct. 2252, 72 L.Ed.2d 858 (1982). See 1A, Criminal Defense Techniques, § 33.02, p. 33–5 (1987), defining the broad discretion involved.

■ Generally, demonstrative evidence of a tangible nature, such as the radar detector in this case, cannot be used in final argument unless earlier at least identified during the trial. *United States v. Campa*, 679 F.2d 1006 (1st Cir.1982); *Cummings v. State*, 239 Ark. 1027, 396 S.W.2d 298 (1965); *State v. Mayfield*, Mo., 506 S.W.2d 363 (1974); *People v. Riley*, 20 A.D.2d 599, 245 N.Y.S.2d 439 (1963).

Finding that discretion was not abused in the denial of the demonstrative display of an unidentified fuzz-buster, we affirm the conviction.

presence of Brian Embry, address unknown, whose telephone number is 234–5706."

By amended notice of alibi, it was stated:

"Defendant hereby withdraws his notice wherein it was stated that during the above-mentioned time and place the Defendant was at the Wonder Bar located at 256 S. Center, in the presence of Tim Lattea and Brian Embry. Said notice concerning the Wonder Bar was done in error and that was the location that the Defendant, Tim Lattea, and Brian Embry were located on November 22, 1986, in the evening hours and not in the evening of November 21.

"The Defendant hereby amends the notice of alibi to show that between the hours of 9:00 p.m. November 21, 1986, and 2:00 a.m. November 22, 1986, the Defendant was in the company of Missy Baxter, 1114 Waterford, Casper, Wyoming; Bill Watson, Casper, Wyoming; Tim Lattea, 1250 N. Center # 121, Casper, Wyoming; and Mark Benson, Casper, Wyoming; and various others whose names are presently unknown at 1250 N. Center, # 121, for a birthday party that was given for the Defendant during that evening. The Defendant hereby gives notice to the State that he was at said address on North Center between the hours of 9:00 p.m. November 21, 1986, and 2:00 a.m. November 22, 1986."

The complainant whose car was victimized testified that she had seen Tim Lattea in the Wonder Bar during the night of the incident which was in accord with the first notice of alibi and directly contrary to the birthday-party testimony of the second notice of alibi.