Kelly Ray CARSON, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 87–221.

Supreme Court of Wyoming.

March 25, 1988.

Julie D. Naylor, Appellate Counsel, Public Defender Program, for appellant.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., and Paul S. Rehurek, Asst. Atty. Gen., for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

This is an appeal from a second probation revocation, raising the issue of impeachment by probationer of his current conviction for automobile burglary. We not only affirm the revocation, but also, by concurrent decision, affirm the conviction for auto burglary in *Carson v. State*, Wyo., 751 P.2d 1315 (1988).

Kelly Ray Carson, appellant, for his age of now 22, has led an interesting life. Sentenced in 1985 to a probationary term of one to five years, with 60 days in county jail suspended, on a guilty plea to auto burglary, he had by then encountered more than a dozen prior, minor criminal infractions.

His first effort at probation was patently unsuccessful, and in 1986, the first petition for revocation of probation was filed, accompanied by a bench warrant. Probation was revoked in part on the claim:

"6. That said Defendant, Kelly Ray Carson, is in violation of his probation in that he has not obeyed the law nor led a worthy life as indicated in condition # 5 of his Judgment and Sentence in that he pled guilty to Two Counts of Shoplifting, One Count of Trespassing, One Count of Interference, One Count of Eluding a Police Officer during his probation period and is presently charged with the crime of Receiving and Concealing Stolen Goods."

The resulting revocation order provided a two- to four-year penitentiary sentence with "execution of the above-imposed sentence * * * suspended and the Defendant shall be placed on supervised probation for a period of two (2) years" with probation to be served concurrently with a probation period of another criminal proceeding, and with very specific terms provided, including compliance with rules of the State Department of Probation and Parole. This order was entered March 20, 1987, pursuant to a hearing held November 17, 1986, when a basis for revocation had been determined, and lasted only until June 25, 1987, when

another petition for revocation was issued asserting:

"3. That said Defendant has again violated his Judgment and Sentence, condition number four, 'that the Defendant obey the law and lead a worthy life during said probation period,' in that on May 19, 1987, the Defendant was found guilty by jury of the crime of Auto Burglary.

"4. That said Defendant has again violated his Judgment and Sentence, condition number three, 'that the Defendant make restitution on all matters, said restitution to be determined by his probation officer,' in that the Defendant has made no attempt to pay anything towards his restitution obligation."

The criminal conduct which was the subject of the second revocation proceeding had occurred on November 21 or 22, 1986, only a few days after the initial revocation hearing had been concluded. See *Chapman v. State*, Wyo., 728 P.2d 631 (1986).

Based on the failure to obey terms of probation, revocation was entered and a sentence of two to four years was provided, to be served concurrently with service of the sentence resulting from the May 19, 1987 auto-burglary conviction. It is from the revocation of probation that this appeal is presented.[1] Although the scope of inquiry here is restricted, the evidence at the revocation hearing, at the very least, furnished a message of a high degree of disdain by Carson toward probation terms, including restitution, nondrinking, pursuit of counseling, and completion of his GED.

The specific issue now considered is the denial by the trial court of efforts by the defendant to impeach the auto-burglary jury-trial conviction at the revocation hearing.

■ This dispositive issue of the effort of an individual on probation to impeach the validity of a subsequent criminal conviction, although novel in Wyoming, is not without considerable review in other jurisdictions. We adopt what is sometimes defined as the majority rule that the court, in considering revocation of parole or probation, is entitled to rely on the criminal conviction for decision. We follow this rule, established by the New Jersey courts in *State v. Zachowski*, 53 N.J.Super. 431, 147 A.2d 584, 588 (1959):

"It is equally beyond question that, from the same standpoint, a plea of guilty or non vult to a subsequent offense while on probation is a conclusive admission and proof of violation. * * * Likewise, a conviction for another crime after trial is irrefutable evidence of breach of the inherent condition of the status."

This presumptive and conclusive principle is similarly followed in *Aceveda v. State*, Alaska, 571 P.2d 1013 (1977); *People v. Robinson*, 43 Cal.2d 143, 271 P.2d 872 (1954); *State v. Roberson*, 165 Conn. 73, 327 A.2d 556 (1973); *State v. Woods*, 215 Kan. 295, 524 P.2d 221 (1974); *State v. Serio*, 168 N.J.Super. 394, 403 A.2d 49 (1979); *State v. Louis*, 97 N.J.Super. 35, 234 A.2d 240 (1967); *State v. Holcomb*, W.Va., 360 S.E.2d 232 (1987).

■ Beyond the scope of conclusionary status determined by conviction, the opportunity for the presentation of evidence not in collateral attack but presented by defendant for consideration of mitigation, is vested in the discretion of the trial court. By reception of evidence for mitigation, the court is not obligated to retry the facts of conviction for a determination of what did occur. See *Buckelew v. State*, 48 Ala.App. 418, 265 So.2d 202, *cert. denied* 409 U.S. 1060, 93 S.Ct. 558, 34 L.Ed.2d 512 (1972); *State v. Woods*, supra; *People v. Clements*, 72 Mich.App. 500, 250 N.W.2d 100 (1976). In *Reese v. United States Board of Parole*, 530 F.2d 231, 234–235 (9th Cir.), *cert. denied* 429 U.S. 999, 97 S.Ct. 525, 50 L.Ed.2d 609 (1976), the subject was thoughtfully considered in the en banc decision:

"Another contention is that the parolee is entitled to present mitigating circumstances. Mitigating circumstances, like beauty, may be found in the eyes of the

---

1. It is noticed that appellant would have to obtain reversal in both this appeal and the auto-burglary conviction appeal in order to obtain reprise from the two- to four-year concurrent penitentiary sentence. Actually, he succeeds in neither.

beholder, and no doubt there are few, if any, suffering penal confinement who do not find such circumstances to explain their own plight. This is not to gainsay that in some cases those circumstances may be sound and constitute convincing material to present to the parole board. There is nothing, however, in either petition before us here suggesting that there are mitigating circumstances, or, if so, what they are. It is difficult to imagine just what Reese can claim as mitigating his parole violation crime of first degree burglary, or what Marine can claim as mitigating his parole violation crime of bank robbery."

Revocation of probation is not a stage in criminal prosecution, but instead, an element in the correction or confinement processes. *State v. Reyes*, 207 N.J.Super. 126, 504 A.2d 43, *cert. denied* 103 N.J. 499, 511 A.2d 671 (1986). In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the seminal case on due process probation or parole revocation, the court observed:

" * * * Obviously a parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." Id. at 490, 92 S.Ct. at 2605.

See also, *United States v. Smith*, 631 F.2d 391 (5th Cir.1980); *United States v. Garza*, 484 F.2d 88 (5th Cir.1973); *Miller v. State*, Okla.Crim., 492 P.2d 669 (1971), *cert. denied* 409 U.S. 888, 93 S.Ct. 137, 34 L.Ed.2d 145 (1972).[2]

█ Finding no improper exercise of discretion in the revocation of probation, the decision is affirmed. *Martin v. State*, Wyo., 720 P.2d 894 (1986). See also *State v. Schmidt*, Wyo., 738 P.2d 1105 (1987).

---

2. Consideration of the effect of reversal on appeal is not now before this court and need not be considered. See *State v. Roberson*, supra; *Hutchinson v. State*, 44 Md.App. 182, 407 A.2d 359 (1979), *aff'd* 292 Md. 367, 438 A.2d 1335 (1982). Cf. Annot., 76 A.L.R.3d 588, Propriety of Revocation of Probation for Subsequent Criminal Conviction Which is Subject to Appeal.